## JOHN Z. DELASHMUTT v. NORA E. PARRENT *et al.*

1. INFANT, *Judgment against; When Vacated — Limitation.* A judgment rendered against an infant upon insufficient notice, and without any appearance by guardian or other representative, may be vacated in the same court after the term when such judgment was rendered, where neither the infancy nor the erroneous action appear in the record; but the action to vacate must be brought by such person within two years after he has attained full age.

2. TAX SALE — *Purchase by Tenant in Common — Effect.* A tenant in common cannot acquire the title or interest of his co-tenant in land by allowing the taxes thereon to become delinquent and purchasing the land at tax sale. A tax deed thus obtained is void, and the purchase is treated as a payment of the taxes only which stand as a charge against the common property.

3. INFANCY — *Limitation of Action — Extension of Period.* The plaintiff brought an action within two years after reaching the age of twenty-one years, and his petition contained appropriate and sufficient allegations stated as a single cause of action for ejectment, partition, and the recovery of rents and profits. It was shown that a share of the land descended to the plaintiff when he was a minor, and that the defendants, who were tenants in common, had long held exclusive possession of the land under a claim of absolute ownership, and that they and their ancestor had so held adversely to the plaintiff for more than fifteen years prior to the commencement of the action. *Held,* As the principal purpose of the action was the determination of the title held by the adverse claimants to the property, and the other grounds of relief asked are incidental thereto, that it falls within ₴ 17 of the code, which permits the bringing of such an action within two years after the disability of infancy is removed.

*Error from Greenwood District Court.*

JOHN Z. DELASHMUTT brought an action in the district
court of Greenwood county against the defendants in error,
*Nora E. Parrent* and three others, and in the first count of
his petition he alleged that he had a one-half interest in the
southeast quarter of section 10, township 22, range 12, in
Greenwood county, which he had acquired by inheritance from
his mother, and that on May 8, 1871, Aaron Parrent obtained
a decree quieting title in himself to the land in controversy;
that he was then a minor, and the disability of infancy was
not removed until January 17, 1884, when he became 21 years
of age; that he never knew of the pendency of the suit in
which the judgment was rendered until February 1, 1885;
and that he had a good and valid defense to the action. He
stated that the proceedings in the action did not disclose his
infancy; that no guardian *ad litem* was appointed to defend
him as the statute requires; that he was described in the ac-
tion as an unknown heir of —— Delashmutt; that no service
was obtained on him except by publication, and no one de-
fended for him. He further stated that Isora Ellis is the
daughter and heir-at-law of Olive M. Parrent, the deceased
widow of Aaron Parrent, deceased, and that Bird Ellis is her
husband; that Nora E. Parrent is a minor over fourteen years
of age, and a daughter of Aaron Parrent, deceased; and that
Alexander Boles is guardian of the person and estate of Nora
E. Parrent. The plaintiff asked that the judgment might be
declared vacated, set aside, and held for naught.

In the second count the plaintiff alleged that Aaron Par-
rent fraudulently obtained from the county a tax deed pur-
porting to convey the lands in controversy to himself; that
in 1870, and while plaintiff was the owner in common with
Aaron Parrent in said lands, Parrent permitted the taxes to
become delinquent, and at the tax sale in May, 1870, he
fraudulently pretended to act as a competitive bidder for the
same, whereas Parrent was an owner of an undivided one-
half of said lands and had the benefit of all the rents and

profits belonging to the plaintiff with which to pay the taxes, and which were sufficient for that purpose, and his action in purchasing and acquiring a tax title to the land was an attempt to defeat and destroy the plaintiff's interest and title in and to the same. He further stated that he did not discover the fraud until within two years before the commencement of the action.

The third count contains the following allegations:

"The plaintiff has a legal title to and is seized in fee simple as the son and heir at law of Sarah A. Delashmutt, deceased, and as such is entitled to the immediate possession of the undivided one-half part of said real estate in the first cause of action described, the southeast quarter of section 10, township 22, range 12 east, in Greenwood county, Kansas. The defendants, Isora Ellis and Nora E. Parrent, are tenants in common with plaintiff in said premises in the following proportions: Isora Ellis the undivided one-eighth part of said real estate, Nora E. Parrent the undivided three-eighths part of said premises. The plaintiff desires to have his interest set off to him in severalty, and prays that partition may be made and he have possession thereof; or, if that cannot be done without manifest injury, that such proceedings may be had as are authorized by law for the said plaintiff to recover his said interest in and to said premises, to himself in severalty. Since the 7th day of March, 1880, the defendants have been in the exclusive possession and enjoyment of said above-described lands. Wherefore, plaintiff further asks an account of the rents and profits of said estate, and for such other relief as is proper."

The answer of the defendants was a general denial, and that the action was barred by the statute of limitations, it being alleged that more than one year had elapsed prior to the commencement of the action since the plaintiff had arrived at the age of twenty-one years. They also answer that they, and those under whom they claim, have been in the actual, open, notorious and exclusive possession of the land under a warranty deed from the father of the plaintiff, and they claim entire ownership adverse to the plaintiff for more than fifteen years next preceding the commencement of the action, and that during their possession and occupancy they have made valuable and lasting improvements upon the land, of the value of $4,000,

and during all of the time have paid taxes on the land, amounting in all, with interest thereon, to about $1,000.

A trial was had on the 14th day of November, 1886, before the court without a jury, and the following findings of fact and conclusions of law were made:

### "FINDINGS OF FACT.

"The land in controversy was duly patented by the government to John J. Delashmutt, father of the plaintiff, on March 21, 1855. On September 7, 1859, said John J. Delashmutt, by warranty deed, his wife Sarah A. Delashmutt joining with him therein, conveyed the land to one Zadock Delashmutt. On November 16, 1859, said Zadock Delashmutt by warranty deed duly conveyed the land to said Sarah A. Delashmutt, and she remained the owner thereof until her death. On November 10, 1863, said Sarah A. Delashmutt died intestate, leaving surviving her as her only heirs said John J. Delashmutt her husband, and the following-named children: William D. Delashmutt, Mary V. Delashmutt, and John Z. Delashmutt, the plaintiff herein. There were in all six children born to said John J. and Sarah A. Delashmutt, three of whom, however, had died prior to the death of Sarah A. Delashmutt as aforesaid; their names were Van B. Delashmutt, Martha Delashmutt, and an infant not named. After the death of said Sarah A. Delashmutt, and prior to the commencement of this suit, said William D. Delashmutt died, leaving his father, said John J. Delashmutt, as his only heir at law. At the death of his mother, Sarah A. Delashmutt, the plaintiff was an infant. He became and was 21 years of age on January 17, 1884. This suit was commenced on March 6, 1885, more than one year and less than two years after plaintiff's disability of infancy was removed by his arrival at the age of 21 years. After the death of Sarah A. Delashmutt, and prior to February 22, 1868, said John J. Delashmutt married a second wife, Delcenia E. On February 22, 1868, said John J. Delashmutt, his said second wife, Delcenia E., joining with him therein, conveyed the land in controversy by warranty deed to one David Niday, who at that time took the actual, open and exclusive possession of said land under said deed, and so remained in possession thereof until March 27, 1869, at which time said David Niday, his wife joining with him therein, conveyed said land by warranty deed to one Aaron Parrent, the father of defendant Nora E. Parrent, and at which said time said Aaron Parrent took the actual, open

and exclusive possession of said land under said deed, and so remained in possession thereof until his death, which was in the year 1881; since which time the defendants, as the heirs at law of said Aaron Parrent, have so been in the possession of said real estate. The said deed from John J. Delashmutt to David Niday was duly recorded on February 22, 1868, and the said deed from David Niday to Aaron Parrent was duly recorded on April 7, 1869. On May 3, 1870, said Aaron Parrent bid off at tax sale, for the delinquent taxes of 1869, the same land, he having failed and omitted to pay the taxes on said land for that year, and on May 3, 1873, a tax deed was issued to him based on said tax sale of 1870, a copy of which tax deed is hereto attached and made a part hereof. Said tax deed was duly recorded on said May 3, 1873. At the time said Aaron Parrent so bid off said land at tax sale, he had in his possession of the rents and profits of said land more than was necessary to redeem this same from said delinquent taxes and pay off the same. On May 8, 1871, said Aaron Parrent, by the consideration of this district court, obtained the decree and judgment, a copy of which is set out in the petition herein. Plaintiff never had actual knowledge of the pendency of said suit in which said decree was obtained until the 1st day of February, 1885. The proceedings in said action do not disclose the infancy of plaintiff. No guardian *ad litem* for the suit was appointed for plaintiff in said suit. The only service obtained on the plaintiff in that action was by publication; copies of the affidavit for publication, and order of court, and the publication notice, are attached hereto and made a part hereof. Plaintiff had no actual notice of the said sale for taxes and the issuance of the tax deed to Aaron Parrent, until the 1st day of February, 1885. The defendants, said Aaron Parrent and David Niday, have paid the taxes on said lands every year since 1868 to the present, except the year 1869, for the delinquent taxes of which it was sold to Aaron Parrent as aforesaid."

## "CONCLUSIONS OF LAW.

"1. Plaintiff's right to maintain this action is barred by the statute of limitations.

"2. Defendants ought to recover costs herein."

The court gave judgment against the plaintiff in accordance with its conclusions of law, and he has removed the case to this court for review.

*W. S. Martin*, for plaintiff in error.
*Kellogg & Sedgwick*, for defendants in error.

The opinion of the court was delivered by

JOHNSTON, J.: The principal purpose of this action was to recover a portion of the land in controversy, or the plaintiff's interest in the same. That a share of the land descended to him from his mother, is unquestioned; and the title to the same remains in him still, unless it has been cut off by the decree or the tax deed mentioned in the pleadings, or by some of the statutes of limitation. The relief sought in the first and second counts of the petition was the vacation of the decree rendered in 1871, quieting title in Aaron Parrent, and the setting aside of the tax title and deed acquired by him while he was an owner in common with the plaintiff; and this is asked to clear the way for the more substantial relief claimed under the later allegations of the petition. The court held that the statute of limitations barred the plaintiff from obtaining relief under any of the causes of action stated in the petition.

We shall take up the counts of the petition in the order in which they are pleaded, and determine whether the plaintiff is barred from obtaining the relief which he asks. With reference to the vacation of the judgment, it is claimed that the plaintiff should have commenced this action within one year after arriving at the age of majority, in order to successfully maintain it. He became 21 years of age on January 17, 1884, and the action was begun on March 6, 1885, more than one year but less than two years after the disability of infancy was removed. We are of opinion that he was within the time allowed by the statute in cases like this. The judgment sought to be vacated was obtained in the same court in which this action was brought. It was rendered against the plaintiff when he was less than nine years of age, and neither he nor any guardian or other representative of his appeared or was brought into court; nor had he any actual knowledge of the pendency of the action until February 1, 1885, about a month prior to the bringing

1. Judgment against infant —vacation— limitation.

of this action. The judgment was based only upon a publication notice to "the heirs of ——— Delashmutt, whose christian name is unknown, former wife of John J. Delashmutt, but since deceased." The infancy of the plaintiff was not disclosed by the record, and hence this action falls within §§ 568 and 575 of the code. In § 568 the district court is authorized to vacate or modify its own judgment after the term at which it was rendered, for several causes. In the fifth subdivision of the section it is provided that it may be done "for erroneous proceedings against an infant or a person of unsound mind, where the condition of such defendant does not appear in the record, nor the error in the proceedings." Section 575 provides that "proceedings to vacate or modify a judgment or order for the causes mentioned in subdivisions four, five, and seven, of § 568, must be commenced within two years after the judgment was rendered or order made, unless the party entitled thereto be an infant, or person of unsound mind, and then within two years after the removal of such disability."

We are referred to § 413 of the code as limiting the time within which the plaintiff could attack the judgment to one year after attaining full age. It will be observed that that section is providing specially for the manner of entering judgment, and dispenses with the practice of reserving in the judgment the right of the minor to show cause against it when he arrives at majority. It proceeds upon the theory that the disability of infancy is disclosed, and the infant is allowed one year after reaching majority to show cause against the judgment in any case where, but for that section, a reservation would have been proper. Here the court was asked to vacate its own judgment in a case where the infancy of the party was not disclosed by the pleadings, and where evidence outside of the record was necessary to make the error manifest. The facts of the case bring it fairly within the application of the provisions of the code that have been quoted, allowing the plaintiff two years after the disability of infancy has been removed within which to seek a vacation of the judgment.

In regard to the tax sale and deed spoken of in the second count, it may be said that Aaron Parrent did not strengthen his title by the purchase or acquire the plaintiff's interest in the land. The land in controversy stood in the name of Sarah A. Delashmutt at the time of her death, and therefore one-half of the property descended to her husband, John J. Delashmutt, and one-half to the three surviving children. A conveyance was made by John J. Delashmutt and his second wife on February 22, 1868, to Aaron Parrent, the ancestor of the defendants in error. It is not claimed or shown that John J. Delashmutt ever acquired the interest of the minor children in the land, except that of William D., who died before the commencement of this action, leaving his father as his only heir at law. Aaron Parrent allowed the taxes of 1869 to become delinquent, and in May of the following year he purchased the land at a tax sale, and upon that sale a deed was issued on May 3, 1873. At the time of the tax sale he was a tenant in common with the minor heirs, and was therefore precluded from becoming a purchaser at the tax sale. Being a joint owner of the land, it became his duty to pay the taxes assessed against it. His interest in the land was an undivided one, and the tax was a charge upon the whole. He not only owed the public duty of paying the tax, but as all the rents and profits of the land (and sufficient to pay the taxes) had been received by him, the payment of the taxes upon the common property became a duty to the other tenants in common.

2. Tax sale—purchase by tenant in common—effect. The principle applicable in such cases is, "that a purchase made by one whose duty it was to pay the taxes shall operate as a payment only; he shall acquire no rights as against a third party by a neglect of the duty which he owed to such party." (Cooley, Tax., 2d ed., 501.) He cannot take advantage of a neglect of duty, and acquire the title of those to whom he owed that duty. It has been held that to allow one standing in that relation to purchase common property at the tax sale would amount to a fraud, and that no title could be thus obtained. The most that can be acquired is a right to compel contribution from

his co-tenants for the taxes paid in their behalf, and that the amount paid may be treated as a lien upon the property to secure such contribution. ( *Carithers v. Weaver*, 7 Kas. 110; *Keith v. Keith*, 26 id. 26; *Duffitt v. Tuhan*, 28 id. 292; *Woodman v. Davis*, 32 id. 344; *Muthersbaugh v. Burke*, 33 id. 260; *Doyle v. Doyle*, 33 id. 721; *Phipps v. Phipps*, ante, p. 495; *Brown v. Hogle*, 30 Ill. 119; *Weare v. Van Meter*, 42 Iowa, 129; Cooley, Tax. 502, and numerous cases there cited.) Under these authorities the tax deed amounted to nothing in the hands of Aaron Parrent; and the defendants in error can have no greater rights than their ancestor.

"The fact that a tax deed thus acquired may be regular on its face, or that all the requirements of the statute have been strictly complied with, avails nothing. The objection goes not to the proceedings, but to the power of the party to take the title. It is not a defect of form, but a disqualification of person. Nothing passes to him, because he is not in a position to take anything. Nor would the two-years statute of limitation assist. Such a tax deed would be void, and a void deed never starts the statute to running." ( *Carithers v. Weaver*, supra.)

Whether the plaintiff is barred from obtaining the relief asked for in what is termed the third count of the petition, depends upon how the allegations stated therein should be construed. If the relief asked for is not a recovery of the land, but is confined merely to a partition of the same, the plaintiff is too late with his action. Section 17 of the code provides that "any person entitled to bring an action for the recovery of real property who may be under any legal disability when the cause of action accrues, may bring his action within two years after the disability is removed;" while § 19 provides that an action other than for the recovery of real property, except for a penalty of forfeiture, must be brought within one year after the disability is removed. Did this pleading embrace appropriate allegations for the recovery of real property? It alleges that the plaintiff had the legal title and was entitled to the immediate possession of the undivided one-half of the real estate in controversy. It further alleges

that since the 7th day of March, 1880, the defendants have been in the exclusive possession and enjoyment of the property. All that is required to be stated in an action for the recovery of real property is that the plaintiff has a legal or equitable estate therein and is entitled to the possession thereof, and that the defendant unlawfully keeps him out of the possession. In an action by a tenant in common against his cotenant, it should also appear that the defendant has either denied the plaintiff's right, or has done some act amounting to such denial. (Code, §§ 595, 597.) These requirements are substantially complied with in this pleading. It is not only alleged that the defendants were in the exclusive possession, but it is conceded that they were holding such possession under a claim of complete ownership in the land, and in effect denying that the plaintiff had any title or interest in the same. The title of the plaintiff being disputed, ejectment was the appropriate if not the only remedy which could be employed to determine the title of the adverse claimants to the property. The theory of partition is that there is a common and undisputed ownership by which the share of each owner is to be set off, or if partition cannot be made, the court may permit any one of the owners electing to take the same at an appraised value, or may order a sale of the property and a division of the proceeds among the parties according to their respective interests. Some of the courts have gone to the extent of holding that the title of parties owning common property and claiming adversely must first be established by ejectment, before partition proceedings can be maintained. (Sedgw. & W. Title to Land, § 166.) Under our code, however, the fact that the property is held adversely to the plaintiff will not defeat an action of partition when brought in connection with or as part of another action for the recovery of real property. Under our rules of pleading the two causes of action may be united in one action, or they may, when so pleaded, and no objection is made, be treated as a single cause of action. (*Scarborough v. Smith*, 18 Kas. 399.) In that case, Mr. Justice VALENTINE remarked that—

"The said causes of action for ejectment and for partition

may virtually and in fact be only one cause of action. The plaintiff has a right in law to possess and enjoy some specific portion of said real property, and the defendants deprive him of this right. This would seem to constitute the elements of only one cause of action; and yet this includes both the causes of action, for ejectment and for partition. That both of these causes of action in fact constitute only one enlarged cause of action, may be the view that the supreme court of Ohio took in the case of *Tabler v. Wiseman*, 2 Ohio St. 208, 211."

The allegations of the third count, although somewhat confused, are suitable and sufficient to sustain a recovery in ejectment, for rents and profits, and for partition. The most important question involved is the title of the plaintiff in the land. This is disputed, and if it is found and determined that he has no title or interest in the land, there is no basis for partition or right of recovery for rents and profits. As the essential feature and purpose of the action is the decision of the adverse claims to the title — the recovery of real property — the added grounds for relief for rents and profits, and for partition, may properly be regarded as incidental to the main ground. That being true, the action comes fairly within the limitation prescribed in § 17 of the code, because it was brought within two years after the disability of infancy was removed.

3. Infancy—limitation of action—extension of period.

It follows from the conclusion reached, that the judgment must be reversed. Although the facts were found in the case in accordance with the agreement of the parties, the findings are not sufficiently precise and full to warrant the ordering of a judgment thereon. They do not clearly show the interest to which each of the parties is entitled. The plaintiff claims that he is entitled to a one-half interest, as though no other children had survived the mother. It seems that there were six children in all, three of whom died prior to the decease of the mother, and one of whom, William D., has since died, but the time of his death is not stated, nor is there anything stated in the findings concerning the other surviving child. Unless the plaintiff has acquired the interest of the surviving child and the interest of William D., who died subsequently

to the death of his mother, he has but a one-sixth interest in the land. It is found that William D. left his father as his only heir, and possibly we might safely assume his interest remained in him at the time of his death, and therefore descended to his father. In that event it would pass to Aaron Parrent, and the defendants in error would therefore be entitled to five-sixths of the land. The findings, however, are not such as would warrant us in directing the judgment, and therefore the order of the court will be that the judgment rendered will be reversed, and the cause remanded for a new trial.

All the Justices concurring.