Delashmutt v. Parrent.

JOHN Z. DELASHMUTT V. NORA E. PARRENT.

DESCENTS AND DISTRIBUTION—*Real Estate.* D. and wife had a family of six children, three of whom died early, unmarried and without issue. Subsequently the mother, who was the owner of a tract of land, died intestate, and left surviving her the father and three children. *Held,* In an action to determine the respective interests of the parties in the estate of the mother, that the surviving father is the sole heir of the children who died prior to the death of the mother, and that the shares which they would have taken had they outlived the mother descended to him, and therefore the three living children are each only entitled to a one-twelfth portion of the estate.

*Motion for Rehearing.*

THE facts are stated in *Delashmutt v. Parrent*, 39 Kas. 548, and in the opinion herein, filed at the session of the court in February, 1889.

*W. S. Marlin*, for plaintiff in error.

*Kellogg & Sedgwick*, for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: A decision of this cause was made on June 9, 1888, reversing the judgment of the district court and remanding it for a new trial. (39 Kas. 548.) Two motions are now presented: one for a rehearing, and another asking this court to determine and direct the judgment which should be given by the district court.

We see no reason to change the views already expressed or the ruling made upon the first consideration; and hence the motion for a rehearing must be denied. But under the agreement of the parties with respect to the facts, the second motion will be entertained and allowed. Because of an ambiguity in the findings, the court did not then feel warranted in determining the share to which the plaintiff was entitled in the land, or in ordering the judgment which should be entered by the district court. It is now shown that there is no disagreement as to the facts necessary to a determination of the interest held

41—40 KAS.

by the respective parties in the land in controversy. As stated in the former opinion, Sarah A. Delashmutt died intestate, seized of the lands in controversy, and her heirs were her surviving husband, John J. Delashmutt, and three children, of whom plaintiff was one, and the heirs of the three other children, who died prior to the decease of Sarah A. Delashmutt. It is now conceded that John J. Delashmutt was still living at the time this action was commenced, and that each of the three children who deceased prior to the death of their mother, Sarah A. Delashmutt, died intestate, leaving neither husband, wife nor children surviving him. Under these concessions, the question presented, which although suggested was not before considered by the court or decided, is whether the surviving father inherited the shares which the three children who died before the mother would have taken had they outlived their mother. On one side it is contended that the father cannot be regarded as an heir of these children, and that the plaintiff, John Z. Delashmutt, is entitled to an undivided one-sixth interest; while the other side insists that he inherits a one-half interest, and also the portions which would have fallen to the deceased children if they had survived the mother; and that therefore the plaintiff is only entitled to a one-twelfth interest. The statute must settle the question. The act concerning descents and distributions provides that the wife or husband of an intestate shall inherit a one-half interest in the estate of the deceased, and that the remaining estate shall descend in equal parts to the children of such intestate. It is then enacted that "if any one of his children be dead, the heirs of such child shall inherit his share in accordance with the rules herein prescribed, in the same manner as though such child had outlived his parent." (Comp. Laws of 1885, ch. 33, § 19.) In accordance with "the rules herein prescribed," where the deceased child is unmarried and without issue, the surviving parents or parent would inherit from such child. The validity of this legislation was early settled in the case of *McKinney v. Stewart*, 5 Kas. 391, when it was held that the subject of inheritance was one of statutory law, and that

the common-law authorities have but little application in this state. It was remarked that "the statute may make any person an heir. An heir in law is simply one who succeeds to the estate of a deceased pers'on. In this sense the wife is an heir of her deceased husband, and when her deceased son has no wife, child, or father, she is his heir." In *Dodge v. Beeler*, 12 Kas. 524, this question was before the court, and it was expressly held that "if one of the children shall have died before the ancestor, the heirs of such child will take the portion which would have descended to such child if he had survived the ancestor, and the same rule obtains for determining who are the heirs of such child as in any other case of descent." The application of the rule thus plainly stated fixes the portion to which the plaintiff was entitled. In this case, three of the children had died before the ancestor, and at the time of the death of this ancestor, who was their mother, the shares which they would have taken had they outlived the mother must under the statute go to the surviving father as their sole heir. It follows that the plaintiff, John Z. Delashmutt, is only entitled to recover a one-twelfth part of the land in controversy, and the judgment heretofore rendered will be modified as follows:

The judgment of the district court will be reversed, and one entered by that court vacating the judgment mentioned in the plaintiff's petition, quieting the title to the land in favor of Aaron Parrent, and also setting aside the tax deed in his favor, mentioned in the petition, and decreeing that the plaintiff shall recover a one-twelfth portion of the land in controversy, which shall be partitioned and set apart to him in the manner prescribed by statute.

All the Justices concurring.