ANNA E. V. CHEESEBROUGH, *et al.*, v. JAMES W. PARKER, *et al.*

1. EJECTMENT; *Quitclaim Deed; Practice.* Plaintiffs commenced an action of ejectment. Upon trial, judgment was entered in favor of the defendants for costs. Petition in error was filed in this court. Intermediate the judgment and the filing of the petition in error, defendants obtained from one of the plaintiffs a quitclaim deed of the property, the subject-matter of the litigation. *Held*, That such quitclaim deed did not prevent the grantor from prosecuting this action to set aside the judgment for costs against her.

2. ——— *Right to Second Trial.* Where an action is commenced under the statute for the recovery of real estate, the right of the plaintiff to demand a second trial is not taken away by the addition to the petition

of a claim for mesne profits, nor by the fact that defendant sets up an equitable defense and claims equitable relief in the answer.

3. STATUTE OF LIMITATIONS, *A Bar to Action.* Under execution issued out of the probate court under § 191 of ch. 91 of the Comp. Laws 1862, the property in controversy was levied upon and sold. Sale was confirmed; deed made July 30, 1869, and recorded September 4, 1869. This action was commenced September 10, 1878, by the execution debtor and one claiming by deed from her subsequent to the sheriff's sale and deed. *Held,* That clause 1, § 16, ch. 80, Comp. Laws 1879, was applicable, and this statute of limitations a bar to the action.

4. ———— *Erroneous Description in Deed.* While the description in the return on the execution, the appraisement and all other papers was correct, in the deed there was this error: instead of reading "part of *lot* seven in block twelve," it read "part of *block* seven in block twelve." As possession was taken and valuable improvements placed upon the lot, to the knowledge of the execution debtor, who resided all the time but a few hundred feet from the premises, *held,* that this error in the description in the deed did not prevent the running of the statute of limitations.

*Error from Atchison District Court.*

EJECTMENT, brought by *Cheesebrough* and another against the Atchison National Bank and *James W. Parker,* to recover the possession of the west twenty-four feet of lot seven, in block twelve, in the city of Atchison. Trial at the March Term, 1880, of the district court, and judgment for the defendants. The plaintiffs bring the case here. The opinion contains a sufficient statement of the facts.

*H. M. Jackson,* for plaintiffs in error.

*W. W. Guthrie,* for defendants in error.

The opinion of the court was delivered by

BREWER, J.: This was an action of ejectment, brought by plaintiffs in error, plaintiffs below, for the recovery of a portion of a lot in the city of Atchison. Judgment was rendered in favor of defendants, and plaintiffs allege error.

The first question arises on the motion of defendants to dismiss this proceeding, as to Mrs. Cheesebrough at least, on the ground of a quitclaim deed of the property obtained from

her intermediate the judgment and the commencement of this proceeding in error. This motion must be overruled. The deed as offered in evidence on the motion is simply a quitclaim of the property. Nothing is said about the judgment in this case, nor any release made of the claim for rents and profits. Doubtless on a second trial it will prove a bar to any recovery of possession by the grantor. It may not prevent a recovery for rents and profits. And it does not discharge the judgment for costs. Whether those costs be one dollar or five hundred, there is a judgment therefor against the plaintiffs, and they each have a right to show that such judgment is erroneous and ought not to stand. If the defendants had paid and discharged this judgment, then a more serious question would arise. As it is, it is very clear that a quitclaim of the property does not prevent the grantor from showing errors in a prior judgment against her for costs.

The first error alleged is in refusing an application under the statute for a second trial. This was an action for the recovery of real property. True, there was coupled with it a claim for mesne profits, but such claim grows out of the right to recover the real estate. No cause of action for rents, as upon express contract, was alleged. The claim was for the real estate and damages for withholding the same. We do not think the addition of this claim for damages changed the nature of the action, or prevented the application of the statute. Of course, many an action may be brought in which other and distinct relief is sought than the recovery of real estate. There may be an action of forcible entry and detainer, an action for the correction of a deed coupled with a claim for possession. All these may be outside the statute. But when the action is under the statute, pure and simple, for the recovery of real estate, the right to a second trial is not destroyed by the addition of a claim for mesne profits. Nor is such right destroyed by the character of the answer. Under a general denial, every possible defense may be interposed. If, instead of such general denial, the defendant sets out in detail an equitable defense, this does not change the

character of the action or abridge the rights of the plaintiff. It is a grand mistake to suppose that by setting up in an answer an equitable defense to an action for the recovery of real estate, either the plaintiffs' right to a jury trial, or a second trial, under the statute, can be abridged. Whatever effect such defense may have upon defendants' rights, the plaintiffs' are unchanged. They have commenced an action under the statute for the recovery of real property, and no rights given by such statute can be taken away by the character or form of the defense. For refusing a second trial on demand of plaintiffs, the court erred, and the judgment must be reversed.

We might properly stop here and wait for the issue of the second trial before considering the other questions raised by counsel. Yet we may save counsel and client labor by expressing our opinion on other questions. The only one we deem it necessary to consider is, that of the statute of limitations. We do not intend to anticipate any testimony which may be offered hereafter, or to foreclose the plaintiffs upon any question they may present. As the record now stands, and upon the questions suggested by counsel, we think the statute of limitations a bar to plaintiffs' claim. The facts are these: This action was commenced September 10, 1878. Defendants claim under a sheriff's deed dated July 30, 1869, and recorded September 4, 1869. This deed was based upon these proceedings: Anna E. V. Cheesebrough, one of the plaintiffs herein, was the administratrix of the estate of Ellsworth Cheesebrough. One S. R. Mabbett had a claim allowed against said estate. Upon a settlement made by the administratrix a balance was found in her hands sufficient to pay this claim, and under § 190 of ch. 91 of the Comp. Laws of 1862, an order was made upon her for payment. This order was made February 4, 1867. The order not being complied with, on June 10, 1867, the probate court issued execution against her property as authorized by § 191 of said act; and Mabbett purchased at the sale thus ordered. Mrs. Cheesebrough was a resident of Atchison at the time, and so remained until the commencement of this action. At the

time this sheriff's deed was executed, and ever since, the statute contained this limitation: "An action for the recovery of real property sold on execution, brought by the execution debtor, his heirs, or any person claiming under him, by title acquired after the date of the judgment, *within five years* after the date of the recording of the deed made in pursuance of the sale." (Comp. Laws 1879, p. 602, § 16, clause 1.) That statute fits this case exactly. This property was sold on execution. The action is brought by the execution debtor, and a late grantee from her, and not commenced until after five years from the recording of the sheriff's deed. The execution was from a court of competent jurisdiction; and the statute of limitations is a bar to this action. Of course, if the court had jurisdiction and the proceedings were regular and complete, no aid of the statute of limitations is required. The title is perfect without it. That statute is in aid of defective proceedings, and to support titles based upon judicial action in which the critical and careful lawyer may detect errors. In this case Mrs. Cheesebrough was the administratrix of the estate of Ellsworth Cheesebrough, and as such subject to the lawful orders of the probate court in which such administration was pending. It is evident from the testimony that she knew of these proceedings, and that the lot now in controversy was being improved by the claimant under this title, at large expense. Yet no action is taken until after the improvements have been completed, and until nearly ten years have elapsed. Such delay suggests the curious and critical scrutiny of a lawyer, rather than the conscious assertion by a true owner of a rightful title. And yet after such delay the statute wisely interposes, and says that nothing in the way of irregularity shall now interfere with the title. The mistake in the description of the property, being evidently a mere clerical mistake, is not sufficient to bar the running of the statute, especially in view of the fact that possession was taken under the title and valuable improvements put upon the property, to the knowledge of the execution debtor. It may be remarked that no mistake appears in the notice of sale, appraise-

ment, or other papers prior to the deed, and that in that the simple error is, that the description reads "part of *block* number seven in block number twelve," when it should read "part of *lot* number seven," etc. Neither this error nor any other matter referred to by counsel is sufficient to prevent the running of the statute. We shall not go into further detail in the consideration of this matter, for another trial may rest upon different facts. We simply state in a general way, that upon the showing now made, the statute of limitations must be adjudged a bar to the action.

The judgment will be reversed, and the case remanded for a new trial.

VALENTINE, J., concurring.
HORTON, C. J., not sitting.