### AMANDA JENKINS v. JAMES J. HENRY.

HOMESTEAD —*Abandonment*—*Valid Conveyance*. J. owned a quarter section of land, which he occupied as a homestead with some of his children for a number of years. Plaintiff was his wife. After all of his children had left the land, J. alone executed a deed for it to defendant, and then abandoned his homestead. Plaintiff, who had never before been in Kansas, soon after joined her husband, and, after his death, took possession of the land, and brought this suit to set aside the deed. The trial court made a general finding for the defendant, and rendered judgment thereon in ·his favor. This judgment is upheld.

*Error from Graham District Court.*

ACTION to cancel a certain deed. Judgment for defendant, *Henry*. The plaintiff, *Jenkins*, brings the case to this court.

*W. B. Ham,* for plaintiff in error.

*Z. C. Tritt,* for defendant in error.

The opinion of the court was delivered by

ALLEN, J.: The plaintiff brought this action to set aside a deed to a quarter section of land in Graham county, executed by John Jenkins, her husband, to the defendant, dated September 19, 1887. The plaintiff contends that the land was a homestead at the time of the execution of the deed, and, therefore, that the deed was void. On the trial, testimony was offered by both parties, and the court made a general finding in favor of the defendant. This, under the well-settled rules governing the consideration of the case here, resolves all doubtful questions of fact in favor of the defendant. Reading the testimony as the trial court must have construed it in order to reach the conclusion it did, the substantial facts appear to be as follows: The plaintiff and John Jenkins, while slaves in Kentucky, lived together as man and wife, and continued so to do after they became free, for about 12 years. After that, John Jenkins came to Kansas, where he took a homestead claim on the land in controversy, on which he resided until after the execution of the deed to the defendant. A son, Charley, came there one fall soon afterward — the exact year does not appear in the testimony — and lived with him until the following May, when he became crazy and was taken away to the asylum. He never returned to live there again. The next spring, a daughter, Clara, came out and lived with her father on the land until three or four years before the execution of the deed, when she married and moved away. Another daughter came out sometime in 1886. It is true that this daughter, Sarah, testified that she continued to live with her father until after the execution of the deed, but other witnesses testified that she took a homestead claim, on which she made proof the following spring, and they also testified to her living on that claim. The court seems to have found that at the time of the conveyance all

of the members of Jenkins's family had left the place. It appears that after the execution of the deed Jenkins moved to what is called the "Henry place." The plaintiff testified that she came to Kansas in September, 1887, though she does not state the exact date. Other witnesses placed the time of her arrival in October or November. It seems clear that she did not come until after the execution of the deed. She had never been in this state before.

It was held by this court, in the case of *Buffington v. Grosvenor*, 46 Kas. 730, and reaffirmed in *Chapman v. Chapman*, 48 Kas. 636, that that provision of ¶ 2599 of the General Statutes of 1889, which reads, "that the wife shall not be entitled to any interest, under the provisions of this section, in any land to which the husband has made a conveyance, when the wife, at the time of the conveyance, is not or never has been a resident of this state," is constitutional and valid. The only ground, therefore, on which the plaintiff's claim is based is, that the land was, at the time it was conveyed, a homestead. Unlike the case of *Farlin v. Sook*, 26 Kas. 397, where it appeared that the land had never been impressed with the character of a homestead, because none of the family of the owner had ever resided on it with him, in this case the land was, for a considerable period of time, occupied by John Jenkins and some of his children, and was, therefore, during the time of such occupancy, a homestead. But a homestead may be abandoned. The plaintiff in this case had never made it her home, and all of the members of John Jenkins's family other than himself had left the place before the execution of the conveyance. At the time he signed the deed, there is evidence tending to show that he alone dwelt upon the land. He alone might, therefore, abandon it. He did, in fact, execute a conveyance to the defendant, and move to another place, where he was living at the time of the plaintiff's arrival. The fact that the defendant knew that plaintiff was Jenkins's wife, and had sought to obtain her signature to another deed shortly prior to the execution of the one by Jenkins alone, does not change the legal rights of the parties in the case. John Jenkins, be-

ing the sole occupant of the land, might alone abandon it. There is evidence in the record tending to show that he did so abandon it. That being the case, the conveyance by him alone is valid. (*Bradford v. Loan Co.*, 47 Kas. 587.)

The judgment is affirmed.

All the Justices concurring.