MARGARET V. KENNEDY v. MAE E. HASKELL *et al.*

No. 13,304.    (73 Pac. 913.)

SYLLABUS BY THE COURT.

1. EJECTMENT—*Right to Second Trial.* Where the principal object of an action is the recovery of real property, the party against vhom judgment is rendered may at any time during the term at which the judgment is rendered demand another trial as of right; and this is so although there is joined with such principal object, and as incidental thereto, a prayer for partition of the premises in controversy and for rents and profits.

2. DESCENTS AND DISTRIBUTIONS—*Non-resident    Wife—"Or"    Should Read "And."* The proviso which limits the general right of a wife to inherit the real estate of her husband, as given in section 8 of the act concerning descents and distributions (Gen. Stat. 1901, § 2510), reads as follows: "Provided, that the wife shall not be entitled to any interest, under the provisions of this section, in any land to which the husband has made a conveyance, when the wife, at the time of the conveyance, is not or never has been a resident of this state." *Held,* that the word "or" in the last clause should be read "and," with the effect that a wife who had once been a resident of this state is entitled to the benefits of the act.

Error from Reno district court; M. P. SIMPSON, judge.  Opinion filed October 10, 1903.  Reversed.

*George A. Vandeveer*, and *F. L. Martin*, for plaintiff in error, and defendant in error Marguerite Kennedy.

*H. Whiteside*, and *Prigg & Williams*, as *amici curiæ*, for defendants in error.

The opinion of the court was delivered by

CUNNINGHAM, J.:  Plaintiff brought this action in ejectment for the recovery of an undivided one-half interest in a tract of land in Reno county, partition of the same, and rents and profits.  Her petition set out in detail the facts upon which she relied to establish her title.  Findings of fact were made by the court, which, summarized, were as follows:  Prior to 1881, plaintiff became the wife of John V. Kennedy, and in that year she settled with him upon the land in question and it became their homestead.  They continued to reside upon it until the year 1883, when, a disagreement arising between them, she abandoned her residence in Kansas and returned to her former home in the East, where she has ever since resided.  At the time she left she did not intend to return to live with her husband upon the land in question, unless a reconciliation should be accomplished, which never occurred.  She took with her the children born of this marriage, but her husband continued to live upon the land as his homestead with some children which he had by a former wife.  In 1887 he abandoned the land as a homestead, and in 1888 sold it for a full consideration to one who was without knowledge of the fact that Kennedy had a wife living, or that she had ever resided in Kansas.  He held himself out,

and described himself in the conveyance as an un-married man. By subsequent conveyances, the land is now the property of some of the defendants, who are in possession. None of these subsequent grantees had knowledge of Mrs. Kennedy's claimed rights. Mrs. Kennedy had no knowledge prior to the death of her husband that he had conveyed or encumbered the land. Kennedy died intestate in 1897 leaving his three children, and these were made parties defendant and filed cross-petitions admitting the ownership of Mrs. Kennedy to one-half of the property, claiming the other half as theirs, and asking the same relief that she did. Upon these facts, the court found against the claim of both the plaintiff and cross-peti- tioners and quieted the title of those holding under the deed executed by Kennedy, as a single man.

In due time and in a proper manner application was made by the plaintiff and cross-petitioners for a sec-ond trial, under the provisions of section 599 of the code of civil procedure section 5086 of the General Statutes of 1901, which provides :

" In an action for the recovery of real property, the party against whom judgment is rendered may at any time during the term at which the judgment is ren-dered demand another trial, by notice on the jour-nal, and thereupon the judgment shall be vacated and the action shall stand for trial at the next term."

This demand was refused by the court, which action constitutes the first assignment of error.

We think a new trial should have been awarded. While partition and a claim for rents and profits were joined with the action in ejectment, such joinder and the relief thereby demanded were mere incidents of the main action, which was for the recovery of real property, and followed as a matter of course the de-cision of that main question. The fact that plaintiff

set out *in extenso* the details of her claim, rather than that she confined herself, as she might have done, to the strict legal statement that she had an interest in the land and was entitled to the possession of it, did not make the action less a one for the recovery of the land. We have already held (*Cheesebrough v. Parker*, 25 Kan. 566) that the joining of a claim for the mesne profits with one for the recovery of real estate does not deprive the party of a new trial as of right, the recovery of such profits being a mere incident of the action. Within the logic of this case would fall the same conclusion as to partition. Indeed, such has been held in several cases in Indiana. (*The Physiomedical College et al. v. Wilkinson et al.*, 89 Ind. 23; *Cooter et al. v. Baston et al.*, 89 id. 185; *Kreitline et al. v. Franz et al.*, 106 id. 359, 6 N. E. 912; *Powers v. Nesbit et al.*, 127 id. 497, 27 N. E. 501.)

This case cannot be held to be analogous to *Douglass v. Nuzum*, 16 Kan. 515, or *Main v. Payne*, 17 id. 608, which were actions to quiet title, nor to *Keith v. Keith*, 26 id. 26, which was an action to reform a deed. We are of the opinion that where the principal object in an action is the recovery of real property, no matter whether plaintiff states his cause of action in the language of the statute, or by detailing the facts at length, he is entitled to the second trial as a matter of right, and this although he may demand other relief than such recovery, provided such other relief is but incidental to recovery. (*Delashmutt v. Parrent*, 39 Kan. 548, 18 Pac. 712.)

A second question is of greater difficulty. It is one arising upon the construction of section 8 of the act relative to descents and distributions, being section 2510 of the General Statutes of 1901, which is as follows:

"One-half in value of all the real estate in which

the husband, at any time during the marriage, had a legal or equitable interest, which has not been sold on execution or other judicial sale, and not necessary for the payment of debts, and of which the wife has made no conveyance, shall, under the direction of the probate court, be set apart by the executor as her property, in fee simple, upon the death of the husband, if she survives him; provided, that the wife shall not be entitled to any interest, under the provisions of this section, in any land to which the husband has made a conveyance, when the wife, at the time of the conveyance, is not or never has been a resident of this state. . . ."

The trouble arises over the meaning of that portion of the section which reads, "when the wife, at the time of the conveyance, is not or never has been a resident of this state." The contention of the plaintiff is that the word "or" should be read "and," with the result that if the wife has ever been a resident of the state she would be entitled to the rights given under this section. It is a principal well settled that in the construction of statutes, as well as wills and contracts, where the sense demands it, or the intention is evident, the words "or" and "and" may be exchanged and used convertibly. (*Starr v. Flynn*, 62 Kan. 845, 62 Pac. 659; Endl. Interp. Stat. § 303.) It is the duty of courts in construing statutes to give effect to all of the language used, if possible by any reasonable construction. In this case, if the word "or" is used and given a disjunctive signification, then the words "never has been" are pleonastic and have no sense or meaning whatever; for if the wife is not a resident at the time of the conveyance, she is deprived of her right of heirship, no matter whether she may or may not have been formerly a resident of the state. Indeed, we may go further and say that the use of the words "never has been" shows

an intention on the part of the legislature not to limit the operation of the law to the fact of her present residence. It is within common knowledge that the words "or" and "and" are frequently used interchangeably, not only by those unskilled in the use of language, but by those who are acquainted with the shades of difference in the two conjunctions, for oftentimes the idea of the user is as correctly expressed by the use of one as the other. If we shall substitute the word "and" for "or" we do not limit the right of inheritance given in the first part of the section to those consorts who were residents of the state at the time of the conveyance but include those as well who have ever been such residents. This conclusion gives some meaning to all of the words of the statute and is, we think, consonant with the purpose of the legislature. We are also of the opinion that such rendering agrees with the general understanding of the profession in the state. We find in the opinion of Chief Justice Martin in *Small v. Small*, 56 Kan. 1, 11, 42 Pac. 323, 30 L. R. A. 243, 54 Am. St. Rep. 581, where reference was made to this part of the section, that the word "and" is used and not "or."

Counsel place much stress upon certain language used by the court in *Buffington v. Grosvenor*, 46 Kan. 730, 27 Pac. 137, 13 L. R. A. 282. The point there under consideration was entirely different from the one now at bar. Reading the language in the light of the issue, it will be found inapplicable to this case.

We are therefore constrained to hold that the right of inheritance of property conferred by the general provisions of the section under consideration is not limited by the proviso therein, except in case the surviving consort has never been a resident of this state ; and in this case, if it shall appear upon further trial

that plaintiff ever has been a resident of this state, then she will be entitled to recover one-half of the property in dispute, provided she has made no conveyance thereof.

The case will be reversed, with instructions to proceed further in accordance with the views herein expressed.

JOHNSTON, C. J., SMITH, POLLOCK, MASON, JJ., concurring.

GREENE, BURCH, JJ., dissenting from the second paragraph of the syllabus and corresponding portion of the opinion.

CUNNINGHAM, J. (dissenting) : The above construction of section 8 is given to it by the majority of the court. It is dissented from by the writer thereof, in which dissent he is joined by Justices Greene and Burch. In our opinion it is a very stalwart piece of judicial legislation. We do not quarrel with the principle that the words "and" and "or" may be used interchangeably, and that courts are required so to use them, where the clear sense of their connection requires it. "This construction, however, is never resorted to except for strong reasons." (2 A. & E. Encycl. of L., 2d ed., 333.) In our opinion such reasons are not found in this case. The legislature used the word "or." With that word the act is given one meaning—a clear and well-ascertained meaning. If we shall substitute "and," another and as clear a meaning is given. That we make the words "never has been" of no meaning by the use of the word "or" does not count for anything, for if we substitute the word "and" we render the words "is not" superfluous. So that the very principle applied by the majority to excuse the substitution of the word "and"

Kennedy v. Haskell.

for "or" condemns the substitution, and leaves the court without excuse for changing the meaning of the entire section, as given to it by the legislature. With this construction there is opened the widest possible door for fraud. No matter how short the residence, or how little known the fact, if in the lapse of years it is established by the oath of one that residence for no matter how short a time has existed, then the title to lands held in good faith for a valuable consideration by a resident of Kansas is sacrificed to one who long since abjured such residence.

We believe the purpose of the legislature to have been just what the language of the statute indicates. Allowing the language to remain as there found, there is no chance for disagreement as to the meaning. It excludes the wife from interest in her husband's lands in case she is a non-resident at the time of their conveyance. The legislature thought it better policy to exclude the non-resident wife from inheritance than to defeat a resident of his title, innocently and honestly acquired. This court approved not only of this policy, but in general, at least, of the law here under discussion, by the use of the following language in *Buffington v. Grosvenor*, supra, 735:

"For reasons that were deemed sufficient, the legislature made the signature and conveyance of the non-resident wife unnecessary. The fact that the wife did not accompany her husband to Kansas or had abandoned him and gone to another state, and may or may not have obtained a divorce elsewhere, thus leaving the *status* of the parties in doubt, and making it difficult to obtain a perfect transfer of land in many cases, may have been deemed sufficient reason for prescribing this rule of conveyance."