### DWYER v. MATSON et al.
### No. 3471.

Circuit Court of Appeals, Tenth Circuit.
July 16, 1947.

300

Homer V. Gooing, of Wichita, Kan. (Howard T. Fleeson, Wayne Coulson and Paul R. Kitch, all of Wichita, Kan., on the brief), for appellant.

Austin M. Cowan, of Wichita, Kan. (W. A. Kahrs and Robert H. Nelson, both of Wichita, Kan., Paul R. Wunsch and Chas. C. Calkin, both of Kingman, Kan., and Verne M. Laing, of Wichita, Kan., on the brief), for appellees.

Before PHILLIPS, BRATTON and HUXMAN, Circuit Judges.

HUXMAN, Circuit Judge.

This was an action for a declaratory judgment in which Patrick A. Dwyer, the plaintiff, sought a declaration that he was the owner of an undivided one-fourth interest in certain real estate in Kingman County, Kansas. Judgment was entered for the defendants and Dwyer has appealed.

Dwyer was the surviving spouse of Alice A. Wilson Dwyer, the owner of an undivided one-half interest in the real estate in question. The parties were married September 9, 1942. On May 17, 1943, Alice A. Wilson Dwyer conveyed the real estate in question by deed to the appellees herein. Dwyer did not join with her in the execution of this deed. Dwyer's interest, if any, in this real estate stems from that part of the General Statutes of Kansas, 1945 Supp., 59-505, which provides: "Also, the surviving spouse shall be entitled to receive one half of all real estate of which the decedent at any time during the marriage was seized or possessed and to the disposition whereof the survivor shall not have consented in writing, or by a will, or by an election as provided by law to take under a will, except such real estate as has been sold on execution or judicial sale, or taken by other legal proceeding: Provided, That the surviving spouse shall not be entitled to any interest under the provisions of this section in any real estate of which such decedent in his lifetime made a conveyance, when such spouse at the time of the conveyance was not a resident of this state and never had been during the existence of the marriage relation."

The only question in the case is whether Dwyer was at the time of his wife's death, or had been at any time during their marriage, a resident of the State of Kansas as that term is used in the above statute. There is no dispute in the facts and the question is entirely one of law. The trial court concluded as a matter of law that Dwyer was not and had not been during the marriage a resident of Kansas. This appeal challenges the correctness of that conclusion.

As far as the record reveals, Dwyer never was in the State of Kansas prior to September 6, 1942. At 4:50 p. m. on that date, he registered at the Lassen Hotel at Wichita, Kansas, giving his address as San Antonio, Texas. He remained there until 5:05 p. m., September 9, 1942. On September 8, 1942, he obtained a marriage license for the purpose of marrying Alice A. Wilson. In the application, given under oath, he described himself as "Rep. Pat Dwyer, of San Antonio, Texas." The parties were married at Wichita on September 9, 1942,

and immediately left for Chicago, Illinois, on a wedding trip. On September 18, 1942, at 4:50 p. m., he and his wife registered at the Lassen Hotel, Wichita, Kansas, as "Pat Dwyer and wife, Texas." On September 19, 1942, at 7:43 p. m., they checked out of the hotel and went to San Antonio, Texas. Alice A. Wilson Dwyer died at Wichita, Kansas, on September 18, 1944. Except as outlined above, Dwyer never was in the State of Kansas during the marriage between himself and Alice A. Wilson Dwyer.

Dwyer was a candidate for the Texas State Legislature in the elections of 1940 and 1942, and was elected both times, and qualified and served. Article 3, Section 7 of the Constitution of Texas, Vernon's Ann.St., provides that: "No person shall be a Representative, unless he be a citizen of the United States, and, at the time of his election, a qualified elector of this State, and shall have been a resident of this State two years next preceding his election, the last year thereof a resident of the district for which he shall be chosen, and * * *."

The parties are in disagreement as to the character of residence necessary to require the signature of a spouse to a deed to convey good title under G.S.1945, Supp., 59-505. Dwyer contends that a temporary residence is sufficient to bring the statute into play, while appellees take the position that the residence contemplated is legal residence, synonymous with domicile. They contend that in Kansas the words "residence" and "domicile" are equivalents in the law.

G.S.1935, 77-201, so far as material, provides:

"Rules of construction. In the construction of the statutes of this state the following rules shall be observed, unless such construction would be inconsistent with the manifest intent of the legislature or repugnant to the context of the statute: * * *

"Twenty-third. The term 'residence' shall be construed to mean the place adopted by a person as his place of habitation, and to which, whenever he is absent, he has the intention of returning. When a person eats at one place and sleeps at another, the place where such person sleeps shall be deemed his residence."

This definition defines legal residence and makes residence the equivalent of domicile. In the end, this statute is not very helpful because it expressly provides that the definitions contained therein shall not control if such definitions are inconsistent with the manifest intention of the Legislature or repugnant to the context of the statute. We are therefore forced to look to the legislation in question to determine the sense in which the word "residence" was used when the Legislature provided that a married person could convey real estate without the signature of the spouse when such spouse was not and had not during the marriage been a resident of Kansas.

"Residence" is a word of different meanings. In one sense it means the place in which one resides or abides, meaning the place where one comes to rest when his days of roaming are over.[1] Used in this sense, it is synonymous with domicile. On the other hand, it is well recognized in the law that one may have a temporary residence as distinguished from legal residence or domicile. Instances are known to all of us where men are gone from the state of their domiciliary residence for years, but yet remain a legal resident of the state from which they came. Kansas jurisprudence recognizes that the word "residence" may be employed in either sense. Thus, in Arnette v. Arnette, 162 Kan. 677, 178 P. 2d 1019, 1022, the court said: "A citizen, as we have said, may change his residence either temporarily or permanently." The question for determination, then, is in what sense is the word residence used in this statute: Is temporary residence, as that term is understood in the law, sufficient to give a spouse a one-half interest under the statute, or is permanent or domiciliary residence required?

A number of decisions by the Kansas Supreme Court are cited by the parties in support of their respective contentions. We lay aside all cases relating to such questions as jurisdiction to appoint guardians for minors, service of process, and election cases, because therein the statutes

[1] Littell v. Millemon, 154 Kan. 669, 121 P.2d 233.

clearly contemplate domiciliary residence. Thus, the statement by the Supreme Court in Gleason v. Gleason, 159 Kan. 448, 155 P. 2d 465, 467, that: "We have held 'residence' and 'domicile' to be equivalents", cannot be construed as holding that in all statutes where the word residence is used, it is to be taken as meaning domicile. In the Gleason case, the court was considering a statute which required a year's actual residence in Kansas as a prerequisite to the right to file an action for divorce.

■ An examination of the cases by the Kansas Supreme Court in which the statute under consideration has been involved does not enable us to say that the Supreme Court has construed the word residence as synonymous with domicile in determining the interest of a spouse in real estate which had been conveyed away without his or her signature to the deed. Kansas adheres to the rule that ordinarily the domicile of the husband establishes the domicile of the wife.[2] But in Jenkins v. Henry, 52 Kan. 606, 35 P. 216, it denied the benefit of the statute involved to a wife who apparently had been domiciled in Kansas during the marriage, although not actually present in the state prior to or at the time of the execution of the deed by the husband alone. Jenkins not only resided in Kansas, but was domiciled there. While the legal domicile of the wife is not stressed in the opinion, the narrated facts clearly justify the conclusion that the husband's domicile was the domicile of the wife. In Kennedy v. Haskell, 67 Kan. 612, 73 P. 913, Kennedy and his wife moved to Kansas in 1881, bought some land on which they settled and established their homestead. They continued to live thereon and occupied the same as their homestead until 1883, when the wife left the state on account of domestic difficulties, intending to return only if a reconciliation was effected. She never returned to the state, and in her absence the husband conveyed the real estate in question without her signature. She instituted an action to recover her interest in the property, and lost. On appeal, the case was reversed on other grounds. It was remanded with directions to determine the question of her residence in Kansas during the marriage. If domiciliary residence is contemplated by the statute, the reason for this is somewhat obscure in light of the undisputed fact that she and her husband established their homestead on this land and lived thereon for three years, apparently with the intention of remaining there the rest of their lives. It is difficult to see why this would not make Kansas the place of the wife's legal residence or domicile. The statute under consideration has been before the Supreme Court in other cases, but none of them has the decision turned upon whether the word "residence" in the statute is used in the sense of legal residence or domicile.[3] But in the view we take of the issue, it is not necessary for us to determine whether "residence" is used in this statute in the sense of legal residence or domicile in order to reach a decision in this case, because we are of the opinion that in any event, Dwyer was never a resident of Kansas within any meaning which can be ascribed to the word as used in the statute in question.

A good definition of "residence" as distinguished from "domicile" is found in Shaeffer v. Gilbert, 73 Md. 66, 20 A. 434, 435, as follows: "It does not mean, as we have said, one's permanent place of abode, where he intends to live all his days, or for an indefinite or unlimited time; nor does it mean one's residence for a temporary purpose, with the intention of returning to his former residence when that purpose shall have been accomplished, but means, as we understand it, one's actual home, in the sense of having no other home, whether he intends to reside there permanently, or for a definite or indefinite length of time."[4]

Residence, even in its restricted sense,

[2] Amsbaugh v. Exchange Bk., 33 Kan. 100, 5 P. 384; Modern Woodmen of America v. Hester, 66 Kan. 129, 71 P. 279; Campbell v. Ramsey, 150 Kan. 368, 92 P.2d 819.

[3] McKelvey v. McKelvey, 79 Kan. 82, 99 P. 238; Osborn v. Osborn, 102 Kan. 890, 172 P. 23; Strackeljohn v. Campbell, 136 Kan. 145, 12 P.2d 829; Buffington v. Grosvenor, 46 Kan. 730, 27 P. 137, 13 L.R.A. 282.

[4] See, also, Bicycle Stepladder Co. v. Gordon, C.C., 57 F. 529; Willingham v. Swift & Co., C.C., 165 F. 223.

means, therefore, more than mere lodging or boarding or temporary occupation.[5]

Dwyer was in no legal sense of the word a resident of Kansas during the marriage relation. Excluding the date on which he was married, he spent one night and one day in Kansas while he was married to Alice A. Wilson Dwyer. That was the night of September 18, 1942, when he and his wife stopped over in the Lassen Hotel at Wichita on their way from Chicago to their home in Texas. At most he was a sojourner.[6] He was not a resident within any reasonable meaning that can be ascribed to the word "resident". It follows that his signature to the deed to the real estate in question was not required to convey good title thereto.

Affirmed.

---

[5] See 2 Bouv.Law Dict., Rawle's Third Revision, p. 2920, and cases cited therein.

[6] See Crabb's English Synonyms under definition of "abide" for the meaning of word "sojourn."