No. 41,618

JOHN M. McGILL, HELEN M. MERRILL, MARY M. INGILS, and EDITH L. McGILL, *Appellants*, v. GERALDINE H. KUHN, CONSUELO KUHN, JOHN M. KUHN, NANCY KUHN, and MOBIL CRUDE PURCHASING COMPANY, INC., a Corporation, *Appellees.*

(348 P. 2d 811)

Opinion filed January 23, 1960.

*James A. Cassler,* of McPherson, and *Kenneth G. Speir,* of Newton, argued the cause, and *Charles D. Johnson* and *Addison I. West,* of McPherson and *Vernon A. Stroberg, Herbert H. Sizemore* and *Richard F. Hrdlicka,* all of Newton, were with them on the briefs for the appellants.

*J. R. Rhoades,* of McPherson, argued the cause, and *George R. Lehmberg.* of McPherson, was with him on the briefs for the appellees.

The opinion of the court was delivered by

JACKSON, J.: The appellants brought this suit in the court below to quiet their title to certain undivided interests in two pieces of

land, one tract being in McPherson county and the other tract being in Hamilton county; they also asked to be decreed to be the owners of the proportionate share of oil taken from their alleged real estate interests in the two tracts. Appellee Geraldine H. Kuhn is the only one of the defendants who has contested the petition filed by appellants. Appellants are appealing from the order of the district court overruling a demurrer filed against the answer and cross petition of appellee, Geraldine H. Kuhn.

In order to disclose the question posed in this appeal it will be necessary to look at the pleadings of the parties. We shall hereafter refer to the appellants as the plaintiffs and to the contesting appellee Geraldine H. Kuhn as the defendant.

The petition of plaintiffs seeking to quiet title can be summarized rather briefly by noting that they alleged that they were the owners of a one sixth undivided interest in the two described tracts of land; that they acquired the title to said land by deeds from defendants John M. Kuhn and Nancy Kuhn as husband and wife dated March 13, 1956; that Geraldine H. Kuhn was not on March 13, 1956, a resident of Kansas and had never been a resident of Kansas; that none of the defendants had any title to the described real property and they should be barred and enjoined from asserting any rights thereto. The petition was divided into two causes of action, the second cause of action dealt with the plaintiffs' rights to the oil runs from the above tracts which were being sold to defendant Mobil Crude Purchasing Company, Inc. and asserted plaintiffs' ownership thereof and asked appropriate relief quieting plaintiffs' title. Certain affidavits of an evidentiary nature were attached to the petition but require no notice. After motions to make definite, the petition was amended to allege that prior to March 13, 1956, plaintiffs had no notice or knowledge that John M. Kuhn had transferred to any person or persons any royalty interest reserved under the existing oil and gas leases on the McPherson county tract; that plaintiffs paid good and sufficent consideration in the amount of $3600 for the interest of John M. Kuhn in the described two tracts as conveyed by the two described deeds of March 13, 1956.

Thereafter, the defendant filed her answer and cross petition which, omitting formal parts, reads as follows:

"1. That this defendant admits the allegations of her residence and address, that John M. Kuhn was the owner of an undivided one-sixth interest

in the real estate described in the plaintiffs' petition, that she has a claim against said interest of John M. Kuhn in said real estate arising out of the facts hereinafter set forth, that she notified the Mobil Crude Purchasing Company, Inc. of her claim to the royalty interest of John M. Kuhn and said defendant has been impounding such royalty interest, that she is not and never has been a resident of the state of Kansas, and that Consuelo Kuhn is the daughter of this defendant and John M. Kuhn.

"2. That this defendant denies each and every remaining allegation contained in said petition which is adverse or prejudicial to the rights and interests of this defendant.

"3. That this defendant and John M. Kuhn were married on October 28, 1925 at New York, New York, and that this defendant is now and always has been since said marriage the legal wife of John M. Kuhn. That the plaintiffs have had actual notice and knowledge of this defendant being the wife of John M. Kuhn for a period of over thirty years prior to the commencement of this action, that they have joined together in the execution of various instruments and documents relating to said real estate, that this defendant as the wife of John M. Kuhn has appeared on the records in the office of the Register of Deeds of McPherson County, Kansas relating to said real estate since the year 1928, that at the time of the purported sale and purchase of the interest of John M. Kuhn in said real estate no divorce decree or dissolution of marriage proceedings between this defendant and John M. Kuhn were of record in McPherson County, Kansas, and the plaintiffs knew and were chargeable with notice of this defendant being the wife of John M. Kuhn and with any rights and claims she may have against his interest in said real estate, and that the alleged sale and purchase was made to and by the plaintiffs at their peril and hazard and subject to the rights and claims of this defendant against the interest of John M. Kuhn in said real estate.

"4. That this defendant and John M. Kuhn maintained a joint bank account at the First National Bank of Princeton, Princeton, New Jersey, since the year 1927, that the checks in payment of the royalty interest from the oil production were deposited in said joint account to and including the check for the purchases during the month of February, 1956, that this defendant drew against said account and received benefits of such deposits for her support and maintenance as the wife of John M. Kuhn and with his knowledge and consent, that this defendant paid the taxes assessed against said royalty interest from said account for many years and until said alleged sale and purchase, that said royalty interest has been the property of this defendant since about the year 1949 by the acquiescence and consent of John M. Kuhn, and that the plaintiffs were negligent and careless in not ascertaining the rights and interests of this defendant to said royalty interest when they knew and were chargeable with notice of this defendant being the wife of John M. Kuhn.

"5. That the alleged sale and conveyance of the interest of John M. Kuhn in said real estate is an attempt to place said property beyond the reach of this defendant and deprive her of her right as the wife of John M. Kuhn to have said property applied for her support, maintenance and alimony, and constitutes a fraud on this defendant, that on account of the facts hereinbefore

set forth the plaintiffs are estopped to claim they are bona fide purchasers for value of said property, that the purported sale and purchase of said property was for less than its market value and for an inadequate consideration, that the plaintiffs in purchasing said property under such facts and circumstances assisted John M. Kuhn in accomplishing his fraudulent purpose and became parties thereto, that the purported sale and conveyance of the interest of John M. Kuhn in said real estate to the plaintiffs should be adjudged fraudulent and void and said property subjected to the right and claim of this defendant to support, maintenance and alimony, and that in event this court should decree that plaintiffs are required to be placed in status quo, this defendant is ready, willing and able to pay any sums required to be paid by her to place the plaintiffs in status quo.

"CROSS PETITION

"This defendant, for her cross petition herein, makes all of the pertinent and material admissions and allegations hereinbefore set forth a part hereof by reference, and further states and alleges:

"*First Cause of Action.*

"That this defendant is now, and has been since about the year 1949, the owner of the 1/6 of 1/8 or 10/480 royalty interest of John M. Kuhn in the oil production on the part of the real estate which is the subject of this action, that this defendant was in the actual, peaceable possession thereof and received the proceeds from the sale of the oil production until the alleged sale and conveyance by John M. Kuhn on March 13, 1956, that on account of the facts and circumstances hereinbefore alleged this defendant is entitled to be adjudged and decreed to be the owner thereof, and that this defendant is entitled to have her title thereto quieted as against the plaintiffs and her codefendants in this action.

"*Second Cause of Action.*

"That about the year 1949 the said John M. Kuhn abandoned this defendant, and such abandonment has continued to the present time, that the said John M. Kuhn has grossly neglected his duty toward this defendant, that the said John M. Kuhn has been guilty of extreme cruelty toward this defendant, that this defendant is entitled to separate maintenance from the said John M. Kuhn, and that this defendant is entitled to have the interest of John M. Kuhn in said real estate awarded to this defendant for support, maintenance and alimony."

The plaintiffs attacked the above pleading of the defendant by various forms of motions and demurrers, changing them as to form several times before the court ruled on the question. The final form of the demurrer contained at least four of the five grounds specified in G. S. 1949, 60-705, and was overruled by the court. In reviewing the court's order, we shall only consider the ground as to whether the answer contained a defense or the cross petition stated a cause of action.

Although the matter does not appear to have been mentioned in the briefs of the parties, we take the opportunity to observe that the denial contained in the second paragraph of the answer cannot be taken to deny the facts alleged in the petition as to the making of the deeds from John M. Kuhn and Nancy Kuhn to the plaintiffs. Attention is directed to the third paragraph of the answer and also to the first cause of action in the cross petition. In fact, this seems also to be the interpretation placed upon the pleadings by the parties in their briefs.

In the first paragraph of the answer, defendant admits that she is not and never has been a resident of Kansas. In light of this admission, it would seem that the deeds from John M. Kuhn were good and sufficient conveyances to transfer any and all title possessed by him to the plaintiffs, regardless of his marital status (G. S. 1949, 59-505). It has long been the law of this state that a wife need not join in a conveyance of Kansas real estate made by her husband, if the wife has never been a resident of the state. Resident wives have an inchoate interest in the real estate of their husbands somewhat resembling dower and should join in deeds made by the husband (*Buffington v. Grosvenor,* 46 Kan. 730, 27 Pac. 137; *Jenkins v. Henry,* 52 Kan. 606, 35 Pac. 216; *Small v. Small,* 56 Kan. 1, 42 Pac. 323; *Pfleiderer v. Brooks,* 122 Kan. 647, 253 Pac. 549; *Dwyer v. Matson,* 163 F. 2d 299).

In fact, defendant in her brief seems to admit that under the above rule the deeds set forth in the plaintiffs' petition were good and sufficent to convey title. If this be true, what facts are alleged to show any property right in the defendant as to the real estate and royalty interests involved in this lawsuit?

In paragraph three of the answer, defendant alleges in effect that plaintiffs knew from the record in the register of deeds office in McPherson county that defendant had been the wife of John M. Kuhn. In paragraph four of the same pleading it is alleged that the checks from the sale of oil from the McPherson county land were deposited in a joint bank account in the names of John M. Kuhn and defendant, and that defendant drew money out of the account from this source and used it for living expenses; that further she paid the taxes assessed on the royalty interest. While the last allegation seems indefinite in view of the facts of the case, we pass that question. It is likewise alleged that Kuhn attempted to defraud defendant and that plaintiffs were in effect negligent

because they knew that the couple had been married at one time and no divorce decree had been put of record in McPherson county. Based upon all of these allegations, defendant sets up an attempted claim for separate maintenance in her cross petition.

Giving the above allegations the most favorable implication, it is impossible to ascertain any real claim to a right or title to the property involved in this suit. Merely allowing a party to use money derived from an investment does not give title to the investment. The payment of the taxes by one spouse upon property owned by the other spouse would seem to give no title unless a tax deed be secured (*Nagle v. Tieperman,* 74 Kan. 32, 85 Pac. 941). No allegation of this nature is to be found in the pleading.

Further, it will be seen defendant does not allege knowledge on the part of plaintiffs of the alleged intent of John M. Kuhn to defraud defendant. It is alleged they were negligent as to defendant's rights. We fail to see the duty upon the part of the plaintiffs to look into defendant's marital status as long as they received a deed valid according to the records in McPherson county. In *Jenkins v. Henry,* supra, the grantee of a deed knew that the grantor was married and attempted to acquire a deed signed by the nonresident wife before accepting the deed signed by the husband alone.

It is a quite well known rule of pleading in most jurisdictions that fraud or conspiracy must be alleged with particularity as to the facts constituting the same. No mere repetition of ill sounding words will be sufficient to sustain such a charge (*Ladd v. Nystol,* 63 Kan. 23, 64 Pac. 985; *Stoner v. Wilson,* 140 Kan. 383, 36 P. 2d 999; *Rogers v. J. R. Oil and Drilling Co.,* 149 Kan. 807, 89 P. 2d 847; *Sullivan v. Paramount Film Distributing Co.,* 164 Kan. 125, 187 P. 2d 360; *Browning v. Blair,* 169 Kan. 139, 218 P. 2d 233; and see Fed. Rules of Civil Procedure, Rule 9b).

It is not necessary to labor the matter further, in all of the allegations of defendant's pleading, there would seem to be no allegation of title to any of the property involved in this suit. All other arguments of the parties in their briefs have been noted but in view of the above they require no discussion in this opinion. The order of the trial court overruling the plaintiffs' demurrer to the answer and cross petition of defendant should be reversed with directions to sustain the demurrer.

It is hereby so ordered.