(Filed 3rd July, 1890.)

A. C. SHAEFFER, EDWARD HOYE, and WILLIAM ISAACS, OFFICERS OF REGISTRATION OF THE SIXTH PRECINCT OF THE NINETEENTH WARD, AND JAMES BOND, CLERK OF THE SUPERIOR COURT OF BALTIMORE CITY, *vs.* GEORGE D. GILBERT.

*Qualifications of Voters — College student — Appeal — Residence.*

The appellee was born in Harford County, and lived there, with his mother, until he was twenty-one years of age.　He then removed to Baltimore City, and entered Morgan College as a student, where he lived for seven years engaged in the prosecution of his studies, except during vacation, when he was employed as a waiter at different summer resorts; and when the season was over he returned to the college.　While thus pursuing his studies, he supported himself entirely by his own efforts; and once a year he visited his mother in Harford County, remaining there, each time, two or three days.　Upon his arrival at the age of twenty-one years, he was registered as a voter in Harford County, bnt never voted there.　Several years after his removal to Baltimore he procured a transfer of his registration as a voter in Harford County, and was registered in Baltimore, where he has since voted, and has never voted elsewhere.　HELD:

That under section 1 of Article 1, of the Constitution, prescribing the qualifications of a voter, he was a resident of Baltimore City, and was entitled to be registered in the precinct in which the college was situated.

The Act of 1890, ch. 573, provides for an appeal from the action of the officers of registration to the Superior Court of Baltimore City, and to the Judges of the several Circuit Courts; and the questions arising upon such appeals are heard and decided by the Judges without the aid of a jury. The Act also provides that exceptions may be taken to the rulings of the Court below, and "appeal allowed to the Court of Appeals as in other cases." An exception, and the only one, was taken to the order of the Court directing that the appellee be registered as a voter. HELD:

That section 9 of Article 5, of the Code, which provides that no question shall be considered or passed upon by the Court of Appeals which does not appear by the record to have been raised or passed upon by the Court below, did not apply to appeals allowed by the Act of 1890, ch. 573, and the exception taken was sufficient to bring up the entire record for review by the appellate Court.

The word, "residence," as used in the Constitution, does not mean one's permanent place of abode, where he intends to live all his days, or for an indefinite or unlimited time; nor does it mean one's residence for a temporary purpose, with the intention of returning to his former residence, when that purpose shall have been accomplished, but means *one's actual* home, in the sense of having no other home, whether he intends to reside there permanently, or for a definite or an indefinite length of time.

APPEAL from the Baltimore City Court.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., MILLER, ROBINSON, IRVING, BRYAN, FOWLER, McSHERRY, and BRISCOE, J.

*William S. Bryan, Jr.,* for the appellants.

It has been held by the overwhelming weight of respectable authority that a student, by reason of his

presence at an institution of learning, does not acquire a domicile or legal residence in the place where the school is situated; his presence there necessarily being of a temporary character. *Fry's Election Case,* 71 *Pa. State,* 302; *Kelly vs. Garrett,* 67 *Alabama,* 304; *Vanderpoel vs. O'Hanlon,* 53 *Iowa,* 246; *State vs. Daniels,* 44 *N. H.,* 386; *Matter of Rice,* 7 *Daly,* 22; *Granby vs. Amherst,* 7 *Mass.,* 1; *Sanders vs. Getchell,* 76 *Maine,* 158; *Westlake on Priv. Internat. Law, Art.* 51; *Phillimore on Domicile, Art.* 98.

It is impossible to believe that this young colored man, who was attending this school for the sole purpose of getting a good general education, could have intended to make his "permanent home" *at the school building;* he could not, to apply Lord Wensleydale's definition, (*Whecker vs. Hume,* 7 *H. of L. Cas.,* 123,) have there had a habitation, with the intention of remaining there forever, unless circumstances should occur to alter his intention. The nature of the institution precluded the possibility of such a thing.

It is not denied that a student may acquire a domicile in the place where the institution he is attending is situated if he has the intention of remaining in that place for an indefinite and permanent period. It is insisted, however, that as the probabilities are that the student has no such intention, the burden of proving affirmatively that he has, is upon those alleging it; and that such burden can never be met by proving that the student has resided during the session of the school in the school building, for any number of years it may take him to complete the college course.

*John C. Rose,* for the appellee.

Robinson, J., delivered the opinion of the Court.

This is an appeal from an order of the Court below directing the appellee to be *registered as a voter* in the

Sixth Precinct of the Nineteenth Ward of Baltimore City.

The facts are these:—The appellee was born in Harford County, and lived there with his mother, until he was twenty-one years of age. He then removed to Baltimore City, and entered Morgan College as a student, and for the past seven years he has lived at the said institution, engaged in the prosecution of his studies.

During vacation he was employed as a waiter at the different summer resorts, and when the season was over, he returned to the college. While thus pursuing his studies, he has supported himself entirely by his own efforts. Once a year he has visited his mother who still lives in Harford County, remaining there each time two or three days. Upon his arrival at the age of twenty-one years, he was registered as a voter in Harford County, but never voted there; and several years after his removal to Baltimore, he got a transfer of his registration from Harford County, in the manner prescribed by the statute, and was registered as a voter in Baltimore City, and has voted in said city, and has never voted elsewhere.

Upon these facts, about which there is no dispute, the question is whether he is now entitled to be registered as a voter in said city? And this depends upon whether he is a resident of the city within the meaning of *Sec.* 1, *of Art.* 1, of the Constitution, which declares, that "every male citizen of the United States of the age of twenty-one years or upwards, who has been a resident of the State for one year, and of the legislative district of Baltimore City, or of the county in which he may offer to vote, for six months next preceding the election, shall be entitled to vote in the ward or election district in which he resides."

All agree that the word *"residence"* is, in itself, susceptible of different meanings. It may mean residence of a temporary or transient character, or it may

mean one's *fixed and settled home*, in the sense of having *no other home* or *place of residence*. Its meaning depends upon the object and purpose with which it is used and the subject-matter to which it refers. When used in a constitutional provision, as a qualification for the exercise of the right of suffrage, Courts of high authority have held it as being synonymous with *domicile*. *Opinion of the Judges*, 5 *Metc.*, 587.

If domicile is thus used in its popular sense, as meaning one's fixed and settled abode or actual home, as distinguished from residence for a temporary purpose, whether it be for health, or pleasure, or some particular business, and not in its legal and technical sense, as meaning. the place where one intends to reside *permanently*, or for an indefinite or unlimited period of time, we see no objection in holding that *domicile* and *residence* prescribed as a qualification for a voter, mean substantially the same thing.

But there is, it seems to us, a broad distinction between domicile, in a legal and technical sense, by which one's *civil status* and the rights of persons and property are determined, and residence required by the Constitution as a qualification for the exercise of political rights. "Domicile" in a legal sense, has, as we all know, a fixed and definite meaning, and yet the word domicile is nowhere to be found in the Constitution. In prescribing the qualification of voters and eligibility for office, whether it be Governor, Judge, Attorney-General, Senator or member of the House of Delegates, the person must be a "*resident*" or must "*reside*" for the time specified within the State or county. The object in thus prescribing residence as a qualification for the exercise of the right of suffrage, was not merely for the purpose of identifying the voter and as a protection against fraud, but also that he should become in fact a member of the community, and as such have a common interest in

all matters pertaining to its government. The framers of the Constitution were dealing with the question of residence for political purposes, and which although analogous in many respects, is not to be understood in the same sense as domicile in law by which the rights of persons and property are governed. So the question is what is the meaning, and what is necessary to constitute "residence" as thus used in the Constitution? It does not mean, as we have said, one's permanent place of abode, where he intends to live all his days, or for an indefinite or unlimited time; nor does it mean one's residence for a temporary purpose, with the intention of returning to his former residence when that purpose shall have been accomplished, but means, as we understand it, *one's actual home* in the sense of having no other home, whether he intends to reside there permanently, or for a definite or indefinite length of time. As in domicile, one's original residence, is the residence of his father at the time of his birth, but when he reaches the age of twenty-one years, being *sui juris,* he may abandon his original residence and acquire a new residence. And to acquire such residence, that is, residence by choice, one must remove to this State, or being an actual resident of the State, he must remove from one county to another, with the *bona fide* intention of abandoning his former place of residence, and of making this State or the county to which he removes his *actual home* for a *definite* or an *indefinite* period of time; and if with such intention he continues to reside in the State or in the county to which he has removed, for the length of time prescribed by the Constitution, he is entitled to be registered as a voter.

Now, in this case the original residence of the appellee was in Harford County, where his parents resided at the time he was born. But after he was twenty-one years of age, he removed to Baltimore City, and entered Morgan College as a student, and has continued to reside

there ever since.   We agree that mere residence at the college for the purpose of pursuing his studies would not, in itself, be sufficient to prove that he meant to abandon his original residence, or to prove that he meant to make his actual home in Baltimore.   In the absence of other proof, the law would presume, he was there for the purpose of prosecuting his studies, and this purpose being accomplished, he intended to return to his former residence.   But in addition to his removal to Baltimore, we have the further fact, that he has continued to reside there ever since, a *period of seven* years, and that during all this time *he has supported* himself by his own efforts, and also the further fact,—a pregnant one, we think,—that he procured a transfer of his registration as a voter in Harford County, and *was registered in Baltimore* and *voted there*, and *has never voted* at any other place.   These facts when considered together, show, we think, a *bona fide* intention on the part of the appellee to abandon his former residence, and to make Baltimore City his actual home and place of residence.

As to the motion to dismiss the appeal, we have but a word to say.   The appeal was taken under the *Act of* 1890, *chap.* 573, which provides by *section* 21, that exceptions may be taken to the rulings of the Court below, and "appeal allowed to the Court of Appeals as in other cases."   At the hearing below, no exception it appears was taken to the ruling of the Court upon the admissibility of evidence, nor were any instructions asked on either side, the only exception taken being to the order of the Court directing that the appellee should be registered as a voter.   And it is argued, that *"in other cases,"* exceptions cannot be taken from the finding of a jury, or from the decision of a Judge, when sitting without a jury, unless prayers have been offered or motions submitted to him.

The Act of 1825, ch. 117, now sec. 9, of Art. 5 of the Code provides, it is true, that no question shall be con-

Shaeffer, *et al. vs.* Gilbert.

sidered or passed upon by the Court of Appeals, which does not appear by the record to have been raised or passed upon by the Court below. The object of the Act was to provide against the reversal of any judgment upon questions not presented to and not decided by the Court below. But it has always been held that the Act of 1825 does not apply to motions in arrest of judgment, and other like proceedings, which are to be heard and determined by the Court itself, and not by the Court and jury. In such cases, an appeal brings up the entire record for review by the Appellate Court.

Now the Act of 1890, ch. 573, provides in the first place for an appeal from the action of the officers of registration to the Superior Court of Baltimore City, and to the Judges of the several Circuit Courts; and the questions arising upon such appeals are heard and decided by said Judges without the intervention of a jury. And when an appeal is taken to this Court the record itself discloses the questions passed upon and decided by the Court below. It does not seem to us, therefore, that appeals provided for by the Act of 1890 can be considered as strictly within the provisions of the Act of 1825, and the motion to dismiss must be overruled. We are not to be understood however, as holding that the case can be presented here merely upon questions of contested facts. For the reasons we have assigned the order of the Court below, directing the appellee to be registered as a voter, in the Sixth Precinct of the Nineteenth Ward of Baltimore City will be affirmed.

*Order affirmed.*

(Decided 24th October; 1890.)