# WILLIAM H. H. NEEDY *vs.* MARY V. MIDDLE-KAUFF.

*Lease of North Side of a Building Held Not to Give Exclusive Right to a Bathroom on that Side—General Description Restricted by Special Clause.*

Plaintiff owned a large double house three stories in height, the entrance being in the middle, with a large storeroom on one side of the first floor to the north and another one to the south side. The rooms on the second and third floors were rented out for housekeeping and lodging, hallways running between the north and south sides. There was a bathroom at the rear end of the wall on the north side of the building, which was reached from a porch on the outside, access to the porch being had from the hall on the second floor. This bathroom had been used by all the occupants in the house in common and was the only one open to them all. The only other bathroom in the building had been constructed by an occupant of the rooms on the second floor on the south side for his own use, access to it was had through the rear room, and it had been used exclusively by the occupant of that room. When such was the condition of the premises, plaintiff leased to the defendant, "the north side of the building known as, &c., consisting of a storeroom and five rooms on the second and third floors, together with access to the same through the hallways and porch, the storeroom to be used," &c. Defendant, claiming the exclusive right to the use of the first-mentioned bathroom, because it was on the north side of the building, locked the same and deprived plaintiff and the other tenants of its use. Upon a bill for an injunction, *held,* that the general description of the "north side" of the building in the lease to the defendant does not convey an exclusive right to the bathroom, because that description is followed by words specifying certain rooms and thus restricting the general description, and that defendant should be enjoined from excluding the other occupants of the building from the use of the bathroom.

Appeal from the Circuit Court for Washington County (KEEDY, J.)

The cause was argued before McSHERRY, C. J., BRISCOE, PAGE, BOYD, PEARCE, SCHMUCKER and JONES, JJ.

*Albert J. Long* and *Roger T. Edmonds*, for the appellant.

*J. Augustine Mason*, for the appellee.

PAGE, J., delivered the opinion of the Court.

The appellee, being the owner of a house situate in the city of Hagerstown, leased the north side of the same, in April, 1901, to the appellant for a term of four and half years. The controversy in this case, depending upon the construction of the terms of the lease, is whether the appellant has an exclusive right to the possession and use of a bathroom in the said building located on the north side thereof.

The appellant so claiming has taken exclusive possession of the bathroom and has locked the door, so that as it is alleged the appellee and her tenants have been and still are deprived of the use and enjoyment of the same. The appellee has filed her bill for an injunction to restrain the appellant from so excluding the appellee and her tenants from the proper use of the room. The Court below granted the injunction and refused on motion of the appellant to dissolve the same, and from this decree the appellant has, appealed.

By his answer the appellant admits the following allegations to be true: First, that the building contains two large storerooms on the first floor, one on the north, the other on the south side, the front door entrance being in the middle, in and by which the second and third floors on the north and south sides are reached by stairways leading from floor to floor; second, that for many years past the appellee has and does still occupy rooms in the building, and has rented out rooms on the second and third floors to other persons for housekeeping and lodging, and to be occupied as apartments usually are; third, that for years past there has been a bathroom at the rear end of the north side of the building on the second floor, built upon and outside of the rear end or west wall of the north side of the building, but not a part thereof, accessible from the second and third floors over a porch running along the south side of the northern part of the building; and that it has been always used by the occupants of the building until shut off by the appellant. It was also proved that JUDGE STAKE, who, for several years before his death in 1902, occupied the two rooms on the south side of the building on the

second floor thereof, and about the year 1896 erected a private bathroom in the rear of and adjoining his back room, that the entrance to this room could be had only through his rooms, and not through any hall or other room. This bathroom was never used by any one, other than the tenants of these rooms.

In April, 1901, the lease of the appellee to the appellant was executed. It demises to the appellant for the term of four and a-half years, "the north side of the building known as No.——South Potomac street in Hagerstown, Md., consisting of a storeroom and five rooms on the second and third floors of the same, together with access to the same through the hall and porch—the storeroom to be used as a jewelry store and sewing machine store, and the second and third floors as a dwelling house to tenants satisfactory to the" appellee.

There are no specific words showing that the lease was intended to include the bathroom on the north side of the house, and unless it be held that the general description of the north side of the building has that effect, and unless such intention can be gathered from the lease, there can exist no rights that the appellant is entitled to enforce in this proceeding. Whether it is so included, is a matter for the determination of the Court, construing the words employed in the light of all the circumstances existing and known to the parties, at the time the instrument was executed. *Roberts* v. *Bonaparte*, 73 Md. 71.

The facts of the case show that the storeroom and the five rooms on the second and third floors were a part of a building in which were other apartments maintained by the appellee for her own use and that of her tenants. There are but two bathrooms in the building, the one, the subject of this controversy on the north side of the house, which was reached from a hallway over the porch; the other on the south side. The north bathroom the proof shows has always been used by all the occupants of the house, up to the time when the appellant set up his claim to the exclusive use of it in January, 1903. The bathroom on the south side, it seems, has been devoted since its construction to the occupant of the room on

the second floor of the south side. At the time of the exe-
cution of the lease these two rooms on the second floor of
the south side, were occupied by JUDGE STAKE. Some years
prior thereto he had constructed it, and had always had the
exclusive control of it. It was located immediately adjoining
his apartments and could be reached only through his room,
and was absolutely inaccessible from any other part of the
house. It had never been used by other tenants and could
not be without passing through the room, with which it com-
municated. Under these circumstances, which were well
known to both the parties, it would require plain and unmis-
takable words to justify the Court in holding that it was in-
tended to deprive the other occupants of the house of the
reasonable and proper enjoyment of the only bathroom avail-
able for them.

It is insisted on the part of the appellant that the general
description is broad enough to include the north side of the
building; and that the entire north side of the building and
every right and privilege essential to the enjoyment of the
property passed. The words "the north side of the build-
ing," are undoubtedly sufficient, if they stood alone and
unrestricted by other words, to' include the entire north side.
But the parties have seen fit to further say, "consisting of a
storeroom, and five rooms on the second and third floors of
the same, together with access to the same through the hall-
way and porch—the storeroom to be used as a jewelry store,
and sewing machine store and the second and third floors as
a dwelling-house to tenants satisfactory to the party of the
first part." If these words be regarded as restrictive of the
general description, then the demise is limited to the six rooms
particularly mentioned with right of access thereto through
the hallway and porch. The Court below was of the opinion
that the principles laid down in the case of *Mims* v. *Armstrong*,
31 Md. 87, are applicable to the facts of this case, and with
this we agree. The broad proposition was then laid down, as
follows: Where in a deed "general words are followed by a
special clause, the latter will restrain and limit their opera-

tion." In the case just cited, the general description was, "all and singular his goods and chattels, &c., and property of every kind and nature of and belonging to him," &c.; and the words were added "which are particularly and fully enumerated in the schedule hereto annexed." The Court said, "In the grant before us the general descriptive words employed would certainly be sufficient, in the absence of any restrictive clause to pass all the debtors property; but we must suppose that the grantor had a purpose in the more particular description which he thought proper to give in the schedule, and that purpose was what he declares to be a more particular and full description of the property conveyed. To withhold this meaning from the words of reference to the schedule, is to deny to them all import whatever and that is justified by no rule of construction whatever."

It was also contended that the exclusive use of the bathroom passed to the appellant as essential to the use and enjoyment of the rooms. It may be that it would be comfortable and even desirable to have an exclusive right, but a bathroom can be enjoyed by one without substantially interfering with the reasonable use of it by another or others.

Finding no error in the decree it will be affirmed.

*Decree affirmed.*