WILLINGHAM v. SWIFT & CO. et al.

(Circuit Court, N. D. Georgia. November 21, 1908.)

REMOVAL OF CAUSES (§ 29*) — DIVERSITY OF CITIZENSHIP — RESIDENCE OF DE-
FENDANT.

A defendant, sued jointly with another in a state court, who testified
that his home was in another state, where he had property and to which
he expected to return, did not become a resident of the state and district
of suit so as to prevent a removal of the cause by defendants by moving
there with his family for temporary purposes of his employment and for
an indefinite time.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 69;
Dec. Dig. § 29.*]

On Motion to Remand to State Court.

J. A. Boykin, for plaintiff.

Anderson-Felder-Roundtree & Wilson, for defendants.

NEWMAN, Circuit Judge. This suit was brought in the state
court by T. A. Willingham against Swift & Co. and W. F. Colladay.
The case was removed by the defendants to this court. On this motion
to remand the only question presented is whether the defendant Colla-
day, who was undoubtedly formerly a citizen and resident of the state
of Missouri, has become a resident of Atlanta in this, the Northern
District of Georgia, so as to defeat the right of removal from the
state court to this court on his part, and consequently the right of
both defendants, who were sued jointly, to remove the case.

It is attempted to be shown by evidence submitted (his own evi-
dence) that he resided in the city of Atlanta in this district. I do not
think the evidence of Colladay shows residence here, but, on the con-
trary, shows him to be a resident of Kansas City, Mo. He appears to
have been here temporarily for some time as an employé of Swift &
Co. The evidence shows, I think, that he has not made Atlanta his
place of residence. At one point in his testimony Colladay says:

"My home is in Kansas City, Mo., and I intend to return there. I have
property and household goods there. I have not brought here anything except
just what we need for temporary use."

At another place in his testimony, the questions and answers are as
follows:

"Q. I am asking if you always considered Kansas City your home, and
always intended to return to Kansas City? A. Yes, sir, I have always con-
sidered that my home, and I go there at intervals of three or four months, and
my family goes that often.

"Q. How long is it since you were in Kansas City? A. Two or three weeks
ago.

"Q. How often do you go there a year? A. As often as four or five times.

"Q. Your stay in Atlanta is merely temporary, for the purpose of transact-
ing business, and not as a permanent residence? A. It is my home temporarily
only.

"Q. You are apt to be transferred from point to point for the purpose of
looking after Swift & Co.'s business, but Kansas City is your home, where
you vote and pay your taxes? A. That is it exactly."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

This evidence of Mr. Colladay was not controverted in any way. The definition of "residence" given in 24 Am. & Eng. Enc. of Law is this:

"Residence is defined to be the abiding or dwelling in a place for some continuance of time. There must be a settled, fixed abode or intention to remain permanently, at least for a time, for business or other purposes, to constitute a residence."

And again on page 697:

"Residence is lost by leaving the place where one has acquired a permanent home and removing to another place without a present intention of returning, and is gained by remaining in such new place. Whether a party's removal constitutes a change of residence depends upon the party's intention in making such removal."

The following authorities cited by the diligent counsel for the defendant gives an excellent definition of "residence." It is an extract from Shaeffer v. Gilbert, 73 Md. 66, 20 Atl. 434, as follows:

"It does not mean one's permanent place of abode, where he intends to live all of his days, or for an unlimited time; nor does it mean one's residence for a temporary purpose with an intention of returning to his former residence when the purpose shall have been accomplished, but means, as we understand it, one's actual home, in the sense of having no other home, whether he intends to reside there permanently or for a definite or indefinite length of time."

The term "residence" is flexible, and may be given a restricted or enlarged meaning considering the connection in which it is used. It involves, however, some idea at least of permanency and fixed intention to remain.

In Bicycle Stepladder Co. v. Gordon (C. C.) 57 Fed. 529, Judge Jenkins, in discussing the meaning of the term "inhabitant," and after quoting from Shaw v. Mining Co., 145 U. S. 444, 12 Sup. Ct. 935, 36 L. Ed. 768, says:

"I cannot but hold that ruling to be decisive here. The court, in effect, construes the word 'inhabitant' to be, within the meaning of the act, synonymous with 'resident.' In the light of previous legislation upon the subject of the original jurisdiction of the federal courts, and of the connection in which the word is used, I think the word is here employed in the sense of 'resident.' It comprehends locality of existence; the dwelling place where one maintains his fixed and legal settlement, not the casual and temporary abiding place required by the necessities of present surrounding circumstances. A mere 'sojourner' is not an 'inhabitant' in the sense of the act. The meaning, I think, is well expressed by Judge Deady in Holmes v. Railway Co. (D. C.) 5 Fed. 523: 'An inhabitant of a place is one who ordinarily is personally present there; not merely in itinere, but as a resident and dweller therein.'"

Considering the facts of this case and the construction I place upon the removal act of Congress, I am satisfied that the evidence shows that Colladay was not and has not been a resident of Atlanta in the meaning of the act.

The motion to remand is denied.