SEIBOLD, Respondent, vs. WAHL and another, Appellants.

*September 15—October 3, 1916.*

*Elections: Right of students to vote: Residence, how determined:*
*Emancipation: Intention: Temporary purpose.*

1. Attendance at an institution of learning for the sole purpose of
   acquiring an education is not of itself sufficient to establish the
   student's residence at that place so as to entitle him to vote
   there.
2. In such a case much weight is to be given to the fact as to whether
   or not the student is emancipated from his family in the matter
   of looking to them for a home or a place to which to return or
   for means of support.
3. A student who registered at the state university from another
   place in the state, where his parents reside and to which place
   he returns in his vacations, and who is dependent, in part at
   least, upon that home for his support, was not entitled to vote
   in Madison, his attendance at the university being for a "tem-
   porary purpose merely," within the meaning of sub. 3, sec. 6.51,
   Stats. 1915, and his removal to Madison being "without inten-
   tion to acquire a new residence," within the meaning of sub. 9
   of that section.

APPEAL from an order of the circuit court for Dane county:
E. RAY STEVENS, Circuit Judge. *Reversed.*

The appeal is from an order overruling a demurrer to the
complaint.

In this case, as in the cases decided herewith of John
Gross, Albert Asbahr, and Randolph L. Wadsworth, plaint-
iffs respectively against the same defendants, the plaintiffs,
each over twenty-one years of age, unmarried, owning no
property and paying no taxes to the city of Madison, and
students of the University of Wisconsin, at Madison, pre-
sented themselves as intending voters at the primary election
held in the city of Madison March 21, 1916, before the de-
fendants, inspectors of election. Each was examined, as re-
quired, by the defendants, and upon their respective state-
ments the defendants refused to permit each of them to vote

at such election.   Thereupon each commenced an action in the
circuit court for Dane county against the defendants to re-
cover damages for such refusal.   The respective complaints
embody substantially the examination each plaintiff was sub-
jected to by defendants and upon which the right to vote was
denied.   Demurrers to the respective complaints were inter-
posed, and upon the rulings on such demurrers by the circuit
court appeals were taken to this court.

For the appellants there was a brief by *Richmond, Jack-
man & Swansen,* and oral argument by *Ralph W. Jackman.*

For the respondent there was a brief by *Sanborn & Blake,*
and oral argument by *John B. Sanborn.*

ESCHWEILER, J.   In the instant case the facts relied upon
by plaintiff to sustain his right to vote and consequent right
of action are as follows: His parents lived at Camp Douglas,
Wisconsin, from which place he registered at the university
and to which place he returns on his vacations.   He came to
the university after graduation from the preparatory school,
for the purpose of taking a college course and preparing him-
self as a lawyer, and would not have come to Madison except
for that.   His expenses at college are paid partly by his
father and partly by his own efforts.   After graduating he
does not know where he will go; that depends upon what op-
portunities offer.   He has not in mind any business opening
in Madison that he intends to accept after graduation.   He
never registered as a voter in any other place than Madison.
He further said: "I consider this my home while in college,
and have been advised and believe that under the above facts
I did not come here for a temporary purpose merely, but this
is my home within the meaning of the law of Wisconsin touch-
ing my right to vote within the city of Madison."

In these four kindred cases the only question raised and
argued before this court is as to whether the respective plaint-
iffs, students at the Wisconsin University, are entitled to vote

in the city of Madison.    No question is made but that if the facts presented show the plaintiffs are lawfully entitled to vote the defendants may be held liable as inspectors of election for such refusal.    *Gillespie v. Palmer,* 20 Wis. 544, 558.

By sec. 6.51, Stats. 1915, the legislature has prescribed rules for determining the qualifications of electors and the following subdivisions of that section are material:

"Second.  That place shall be considered and held to be the residence of a person in which his habitation is fixed, without any present intention of removing therefrom, and to which, whenever he is absent, he has the intention of returning.

"Third.  A person shall not be considered or held to have lost his residence who shall leave his home and go into another state or county, town or ward of this state for temporary purposes merely, with an intention of returning.

"Fourth.  A person shall not be considered to have gained a residence in any town, ward or village of this state into which he shall have come for temporary purposes merely.

"Fifth.  If a person remove to another state with an intention to make it his permanent residence, he shall be considered and held to have lost his residence in this state.

"Sixth.  If a person remove to another state with the intention of remaining there for an indefinite time and as a place of present residence, he shall be considered and held to have lost his residence in this state, notwithstanding he may entertain an intention to return at some future period.

"Ninth.  The mere intention to acquire a new residence, without removal, shall avail nothing; neither shall removal without intention."

In determining upon the facts as they appear in the respective complaints as to whether each of these students comes within the requirements of the above statute, certain principles have been declared which are helpful in solving the question.

Although intention is an important element of the status of an elector, yet his own statement as to any such mental resolution cannot of itself control that element in a situation like

this. *Carter v. Sommermeyer,* 27 Wis. 665; *Hall v. Hall,* 25 Wis. 600, 609.

The general rule is that a man must have a habitation or domicile somewhere and that he can have but one at the same time for one and the same purpose, and that in order to lose one he must acquire another. *Miller v. Sovereign Camp W. O. W.* 140 Wis. 505, 509, 122 N. W. 1126; *Opinion of the Justices,* 5 Met. 587, 589.

Every person can fix his own residence provided he makes it reasonably permanent by intending to return thereto when a temporary job is finished. *State ex rel. Small v. Bosacki,* 154 Wis. 475, 478, 143 N. W. 175; *State ex rel. Hallam v. Lally,* 134 Wis: 253, 257, 114 N. W. 447.

Attendance at an institution of learning for the sole purpose of acquiring an education is not of itself sufficient to establish the student as an elector. *Opinion of the Justices,* 5 Met. 587, 589; *Welsh v. Shumway,* 232 Ill. 54, 88, 83 N. E. 549; *Shaeffer v. Gilbert,* 73 Md. 66, 20 Atl. 434, 435.

That mere attendance as a student cannot of itself be sufficient to establish such a status has been expressly provided for in a number of state constitutions. For instance, § 3, art. II, Const. of New York, provides: "For the purpose of voting, no person shall be deemed to have gained or lost a residence . . . while a student of any seminary of learning." Under this constitutional provision it has been held that even four years of study and express renouncing of all other homes are not sufficient of themselves to give the status of qualified elector. *Matter of Barry,* 164 N. Y. 18, 58 N. E. 12; *Matter of Goodman,* 146 N. Y. 284, 40 N. E. 769. A similar provision is found in Colorado with the same construction (*Parsons v. People,* 30 Colo. 388, 70 Pac. 689), and in Missouri (*Hall v. Schoenecke,* 128 Mo. 661, 31 S. W. 97); also in Pennsylvania (*Lower Oxford Contested Election,* 11 Phila. 641).

This constitutional provision, however, does not seem to add anything to or change the general rule of law. *Shaeffer v. Gilbert,* 73 Md. 66, 20 Atl. 434, 435; *Pedigo v. Grimes,* 113 Ind. 148, 13 N. E. 700; *Dale v. Irwin,* 78 Ill. 170.

Much weight is to be laid upon the fact as to whether or not such student is what is commonly called "emancipated" from his family so far as looking to them for a home or a place to which to return or for means of support.   *Opinion of the Justices,* 5 Met. 589; *Putnam v. Johnson,* 10 Mass. 488; *Dale v. Irwin,* 78 Ill. 170; *People v. Osborn,* 170 Mich. 143, 135 N. W. 921; *Berry v. Wilcox,* 44 Neb. 82, 89, 62 N. W. 249; *Shaeffer v. Gilbert,* 73 Md. 66, 20 Atl. 434; *Fry's Election Case,* 71 Pa. St. 302, 311.

Applying, therefore, the standard of the statutory requirements with the aid of the light from the foregoing decisions, we find in the case at bar a student who registers from Camp Douglas, where his parents reside and to which place he returns as opportunity, his vacations, permit, and who is dependent, in part at least, upon that home for his support. His attending the university, therefore, is clearly for a "temporary purpose merely," under the fourth subdivision of sec. 6.51.   All the facts are much more consistent with Camp Douglas being his home within the meaning of subdivisions second and third of the statute than with Madison being such home.   His abiding in Madison, therefore, avails him nothing, for it is the removal specified in the final clause of subdivision ninth quoted above.

In this case we are of the opinion that the defendants were clearly right under the facts as presented to them in denying plaintiff the right to vote, and the order of the circuit court overruling the demurrer to the complaint must be reversed.

*By the Court.*—Order of the circuit court reversed, and cause remanded for further proceedings according to law.

SIEBECKER, J., took no part.

The following opinion was filed October 10, 1916:

WINSLOW, C. J. (*concurring*).   The general rules concern-
ing the acquirement of a voting residence are prescribed by the
statute, and these rules necessarily govern the present cases.
Little, if any, aid is to be obtained from the decisions of other
courts construing other statutes.   The statutory provisions are
quoted at length in the opinion of the court and need not be
repeated.

Reduced to a single proposition they seem to mean this in
substance: To acquire a voting residence in an election dis-
trict one must have made it his fixed habitation (1) for no
merely temporary purpose, (2) without present intention of
removal elsewhere or return to his former abode for residence
purposes, and (3) with intention of returning to such habita-
tion whenever absent therefrom.   The purpose is not neces-
sarily temporary because it is expected to end at some time
more or less remote in the future.   Practically all human pur-
poses have this quality.   So the fact that the purpose is to go
to school does not necessarily solve the question, although it
seems clear that the intent to make change of residence would
be less probable in such case and that the evidence of other
facts and circumstances must be stronger in order to overcome
the apparent temporary nature of the residence than in the or-
dinary case of removal on account of change of business.   The
solution must be found by inquiring whether the other statu-
tory requirements are satisfied; and of these requirements the
second above named is the most important and seems prac-
tically to be controlling, namely, the requirement that there
be no present intention (*i. e.* intention existing at the time of
the election) of removal elsewhere or return to the former
abode for residence purposes.   The direct statement of the
voter as to his intention is not at all controlling upon this ques-
tion.   It may be overcome by persuasive facts showing the
contrary.

On this subject two general propositions may be laid down, viz.: If the student has a family of his own and removes the same to the college town and supports them there, or if, being separated from his father's family and earning his own way wholly or substantially, he removes to the college town, these are persuasive circumstances more or less conclusive tending to show an acquirement of a voting residence there.   If, on the other hand, he have a father or mother living, who maintains a family residence in another town, to which residence the student returns in vacation time, and if such parent supports the student wholly or substantially, these are quite persuasive circumstances tending to show that there has been no change of voting residence, especially if the student registers or describes himself as of such family residence.

Other circumstances, such as the age of the student, the fact, if it is a fact, that he has already been out in the world earning his own living, or that he has already had a voting residence at some place other than the parental home, will be entitled to weight in determining the question.   No rule can be laid down which will at once determine every case.   Each case must depend upon its own facts.

It will be seen, as said in the beginning of this opinion, that the legislature has laid down the general rules governing these cases.   The court can do nothing but apply them.   If there be need of change in them the appeal must be to the legislative branch of the government.

MARSHALL, J.   I concur in the opinion by the Chief Justice.