Asbahr, Respondent, vs. Wahl and another, Appellants.

*September 15—October 3, 1916.*

*Elections: Right of students to vote: Residence.*

1. While attendance at an educational institution for the sole pur-
pose of getting an education is for a "temporary purpose," with-
in the meaning of sub. 4, sec. 6.51, Stats. 1915, other elements
may be added which develop such purpose into one of making a
home at that place.
2. Thus, an entirely self-supporting student who came to Madison
from a distant state, where his parents reside, but who had been
emancipated from them and had earned his own living and voted
elsewhere than at their home, might, even though he came for
the sole purpose of attending the state university, have the in-
tention to acquire a new residence in Madison, within the mean-
ing of sub. 9, sec. 6.51, Stats. 1915; and in such case, having reg-
istered from Madison and fixed his habitation there, with no
present intention of removing therefrom and an intention, when-
ever he is absent, of returning thereto, he is entitled to vote in
Madison.

Appeal from an order of the circuit court for Dane county:
E. Ray Stevens, Circuit Judge. *Affirmed.*

The appeal is from an order overruling a demurrer to the
complaint.

For the appellants there was a brief by *Richmond, Jack-
man & Swansen,* and oral argument by *Ralph W. Jackman.*

For the respondent there was a brief by *Sanborn & Blake,*
and oral argument by *John B. Sanborn.*

Eschweiler, J. The facts in this case, other than those,
common to all, set out in the *Seibold Case (ante,* p. 82, 159
N. W. 546), in some respects are substantially different from
those in that case in the following particulars:

Plaintiff came to the university in Madison in the fall of
1914 to take a course in the law school and for no other pur-
pose. He came from Pendleton, Oregon, where he had been

teaching school. His parents reside at Cornelius, Oregon.
He registered at the University of Wisconsin as from Madison
and he intends to stay there during his course at least. The
preceding summer vacation he was away from Madison and
was not certain where he would spend the following vacation.
He does not know where he will go when he graduates; that
will depend upon what opportunities offer, which might in-
clude his remaining in Madison. He is entirely self-support-
ing and receives no aid or help from his parents.

He also makes the same statement as to his belief that
Madison is his home as in the other cases.

We have the situation here of a student in one of the de-
partments of the university whose work is, in the natural
order of things, at the end of a college course; entirely eman-
cipated from his family for a long period of time; earning
his own living and exercising the right of voting elsewhere
than at the home of his parents and thereby necessarily claim-
ing a home other than with such parents; no returning to the
home of his parents after temporary absences therefrom, and
further, with no present intention of returning to his former
residence at Pendleton, Oregon.

This is sufficient to meet the standard required of a legal
voter by sec. 6.51, Stats. 1915, at the voting booth in Madison
where he presented himself.

There is here an intention to acquire a new residence at
Madison coupled with the removal from Pendleton, Oregon,
to Madison under the ninth subdivision of that section of the
statute in question. Madison appears to be his habitation
without any present intention of removal therefrom, and to
which place, whenever he is absent, he has the intention of
returning, thus meeting the provisions under sub. 2.

The purpose of getting an education, which of itself, and
alone, would be a "temporary purpose" under the fourth sub-
division, has now added to it elements which develop that

purpose into the one of making Madison his home, as he has the right to do. He therefore meets the statutory tests and he was entitled to vote.

The order of the circuit court overruling the demurrer to the complaint is therefore affirmed.

*By the Court.*—Order affirmed.

SIEBECKER, J., took no part.