GROSS, Respondent, vs. WAHL and another, Appellants.

*September 15—October 3, 1916.*

*Elections: Right of students to vote: Residence.*

1. A student who came to Madison to attend the law school of the state university, registering from another place in the state, where his parents reside and where he spent his last vacation, but who had taught school for several years in another city in the state and had voted there, and whose expenses are paid partly from his own money and partly from money borrowed from his father which he is under obligation to repay, is *held* entitled to vote in Madison.

2. Giving his complaint a liberal construction, the attendance of such student at a law school in Chicago for a part of a year did not break the continuity of his residence in this state.

APPEAL from an order of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

The appeal is from an order overruling a demurrer to the complaint.

For the appellants there was a brief by *Richmond, Jackman & Swansen,* and oral argument by *Ralph W. Jackman.*

For the respondent there was a brief by *Sanborn & Blake,* and oral argument by *John B. Sanborn.*

ESCHWEILER, J.   In this case, in addition to the general
statements found in the kindred case of Seibold against these
same defendants and decided herewith (*ante,* p. 82, 159 N.
W. 546), it further appears that the plaintiff registered at
the state university from La Farge, Wisconsin, where his par-
ents reside and where he spent his summer vacation.   He
taught school in Fort Atkinson from 1912 until the end of
the school year 1915, and voted in Fort Atkinson during that
time and at Beloit while a student there.   He entered the law
school of the University of Chicago in the fall of 1915 and
in February, 1916, came to Madison to attend the law school.
He intends to stay here during his college course at least.
He does not know where he is going when he graduates; it
will depend upon what opportunities offer, which may in-
clude his remaining in Madison.   His expenses are paid
partly from his own money and partly from money which he
borrows from his father and which he will be obliged to re-
turn.   He also makes a statement as to his belief as to his
residence similar to that quoted in the *Seibold Case.*

Although not so strong a case upon the facts as the one of
Albert Asbahr against the same defendants (*ante,* p. 89, 159
N. W. 549), yet we are satisfied that upon the facts of the com-
plaint there is a showing of a substantial compliance with the
statutory requirements.   He has made a home for himself else-
where than with his parents, he has to a large extent supported
himself, and what he receives from his father now he is under
obligation to repay, just as though it were advances from
some stranger.   He has exercised the right to vote at places
other than the home of his parents.

We cannot say, giving the liberal construction that we must
to his complaint, that his attendance at the Chicago law school
in the fall of 1915 until February, 1916, was sufficient to
break the continuity of his residence in this state.   The
plaintiff, on the showing made, was lawfully entitled to vote,

and the court below was right in overruling the demurrer to the complaint, and the order so doing is therefore affirmed.

*By the Court.*—The order of the circuit court is hereby affirmed.

SIEBECKER, J., took no part.