EAU CLAIRE COUNTY, Appellant, v. MILWAUKEE COUNTY, Respondent.

*April 27—June 5, 1964.*

294

For the appellant there was a brief and oral argument by *John D. Kaiser* of Eau Claire, special counsel.

For the respondent there was a brief by *Robert P. Russell,* corporation counsel, and *James J. O'Donnell,* first·assistant corporation counsel, and oral argument by *Mr. O'Donnell.*

CURRIE, C. J. The issue on this áppeal is whether the evidence at the hearing before the department established as a matter of law that Mrs. Carden had gained a legal settlement, under sec. 49.10 (4), Stats. 1955,[1] in Milwaukee at the expiration of the one-year period beginning April 27, 1956, when she first commenced to reside there.

In two well-considered decisions of this court authored respectively by Mr. Justice (later Chief Justice) BROWN and Mr. Justice WINGERT it was held that the term "residence" as used in sec. 49.10, Stats. 1955, was the equivalent of domicile. *Carlton v. Department of Public Welfare* (1956), 271 Wis. 465, 468, 74 N. W. (2d) 340, and *Marathon County v. Milwaukee County* (1956), 273 Wis. 541, 544, 545, 79 N. W. (2d) 233. To acquire a domicile, a person must establish a dwelling place with intention of making it his home. *Marathon County v. Milwaukee County, supra,* at page 545.

Implicit in the decision of the department in the instant case was the determination that Milwaukee constituted Mrs. Carden's domicile from April 27, 1956, to March 31, 1957, when she left that city and went to Eau Claire taking with her all her personal belongings except the TV set. This is because such decision makes it clear that, if the department had found that she had possessed an unequivocal intent to return to Milwaukee to reside during her absence from the city for the period of March 31, 1957, to April 27, 1957, it

---

[1] This statute provides in part as follows: "Every person (except as otherwise provided in this section) who resides in any municipality one whole year without receipt of aid under this chapter gains a legal settlement therein; . . ." The stated exceptions to this quoted provision are immaterial to the instant controversy.

would have found she had established a legal settlement in Milwaukee for the purposes of sec. 49.10 (4), Stats. 1955. This is in keeping with the well-recognized principle that though both personal presence and intention are required to establish a domicile, a temporary absence with intent to return does not affect a change of domicile. *Miller v. Sovereign Camp W. O. W.* (1909), 140 Wis. 505, 508, 122 N. W. 1126; 17A Am: Jur., Domicil, p. 214, sec. 23.

There is an equally well-recognized principle that a domicile once established continues until it is superseded by a new domicile. *Will of Eaton* (1925), 186 Wis. 124, 133, 202 N. W. 309; *Seibold v. Wahl* (1916), 164 Wis. 82, 85, 159 N. W. 546; *Miller v. Sovereign Camp W. O. W., supra,* at page 509, 122 N. W. 1126; 17A Am. Jur., Domicil, p. 207, sec. 17; 28 C. J. S., Domicile, p. 30, sec. 13 a. It is highly significant that Mr. Justice WINGERT's opinion in *Marathon County v. Milwaukee County, supra,* declared (p. 545) :

"A domiciliary residence once established is not lost until a new one is acquired. *Will of Eaton,* 186 Wis. 124, 133, 202 N. W. 309; Restatement, Conflict of Laws, p. 47, sec. 23."

Thus it is immaterial whether, during Mrs. Carden's absence from Milwaukee from March 31 to April 27, 1957, she had an unequivocal intent to return to Milwaukee to reside so long as she did not acquire a new domicile elsewhere during that twenty-seven-day period. The evidence adduced at the hearing is wholly insufficient to support a finding that she had gone to Eau Claire at this time with intent to establish a permanent residence there. Accordingly by April 27, 1957, she had maintained her domicile or residence for one year in Milwaukee and obtained legal settlement there under sec. 49.10 (4), Stats. 1955. This legal settlement continued to the time that Eau Claire county supplied the relief for which reimbursement is sought.

It is conceded that under our present public-assistance statutes Mrs. Carden would not have acquired a legal settlement in Milwaukee. The 1959 legislature repealed and re-created sec. 49.10, Stats. 1955, by enacting ch. 102, Laws of 1959. Among the changes made thereby was the addition to sec. 49.10 of sub. (12) (c) which provides, " 'Residence' is the voluntary concurrence of physical presence with intent to remain in a place of fixed habitation. Physical presence shall be prima facie evidence of intent to remain." This 1959 change in the statute has no application to the instant controversy because the relief was supplied to Mrs. Carden in 1958.

Because Mrs. Carden had her legal settlement in Milwaukee at the time plaintiff Eau Claire county furnished her with relief, plaintiff county was entitled to reimbursement therefor.

*By the Court.*—Judgment reversed with directions to the circuit court to reverse the order of the department and remand to that agency for the entry of a proper order ordering defendant county to reimburse plaintiff.

HALLOWS, J. (*dissenting*). This case was tried on the issue of whether Goldie Carden had the necessary intention to maintain a residence in Milwaukee county for one whole year so as to gain a legal settlement under sec. 49.10 (4), Stats. The majority opinion holds that a person who no longer has an intention to make Milwaukee her residence and is not physically present in the county nevertheless gains a legal settlement in that county if she has not acquired a domicile elsewhere. The cases previously decided by this court do not so hold.

The question is simply the meaning of the language "who resides in any municipality . . . one whole year" in sec. 49.10 (4), Stats. In construing sec. 49.10, this court as

early as *Waushara County v. Calumet County* [1] stated the meaning of residing or residence for legal settlement purposes was governed by the same principles which determine residence for divorce and voting purposes. This concept of residence was affirmed in *Milwaukee County v. State Department of Public Welfare.* [2] Two months later in *Carlton v. State Department of Public Welfare* [3] relied on by the majority, this court in considering the nature of the intention necessary for residence to ripen into a legal settlement stated it was "residence with the present intent of making the place one's home," and in that context equated residence with domicile as generally used by the courts. The opinion stressed that "resides" meant more than "lives in" or exists and nothing short of actual abode with intention of permanent residence would fulfil the statute. This intention to remain in a fixed habitation is necessary to establish domicile which the court said is the meaning of "resides" in the statute. The statute requires such residence for one whole year which to me requires the actual intention to exist for one whole year, not for a fragmentary period of time sufficient to qualify for the establishment of a domicile. The majority substitutes for this requirement a rule of conflicts of law that once a person has acquired a domicile he does not lose it until he acquires another.

*Marathon County v. Milwaukee County* [4] relied on by the majority, did not decide this point as relating to legal settlement. The issue in that case was whether a person had a legal settlement in Marathon county. He had resided there four months, and then moved to Milwaukee where he lived some four years. The disputed point over which the court was divided was whether or not a person on parole had the

---

[1] (1941), 238 Wis. 230, 298 N. W. 613.
[2] (1955), 271 Wis. 219, 72 N. W. (2d) 727.
[3] (1956), 271 Wis. 465, 74 N. W. (2d) 340.
[4] (1956), 273 Wis. 541, 79 N. W. (2d) 233.

legal capacity to formulate an intent to change his residence. This court held a residence could and had been established in Milwaukee by the parolee before his Wausau residence ripened into a legal settlement. The well-known rule a domiciliary residence once established is not lost until a new one is acquired has no application to the statutory requirements for establishing a legal settlement so as to render a county liable for public assistance. I cannot agree that sec. 49.10, Stats., means one can establish legal settlement by counting as part of the one-year period the time during which the person neither has the intention to remain nor any physical presence in the county.

It is significant that sec. 49.10 (7), Stats., provides every legal settlement continues until it is lost by voluntarily acquiring a new one in this state or by voluntarily residing for one whole year elsewhere than in the municipality or county in which such settlement exists. This section does not speak in terms of losing or acquiring a domicile but of one whole year residence. This language prevents the importation of the law of domicile and conflicts of law into the statute by reference and analogy. In my opinion the evidence sustains the conclusion of the department that Mrs. Carden did not have the requisite intention to gain a legal settlement for "one whole year" and I would affirm.